**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RONALD B. BACCEI, Trustee of the
Eda O. Pucci 2004 Revocable
trust,

   *Plaintiff-Appellant,*

   v.

UNITED STATES OF AMERICA,

   *Defendant-Appellee.*

No. 08-16965

D.C. No.
3:07-cv-05329-PJH

OPINION

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted
July 15, 2010—San Francisco, California

Filed February 16, 2011

Before: Richard C. Tallman and Jay S. Bybee,
Circuit Judges, and Timothy M. Burgess, District Judge.*

Opinion by Judge Burgess

---

*The Honorable Timothy M. Burgess, District Judge for the District of
Alaska, sitting by designation.

## COUNSEL

Edward W. Suman, San Bruno, California, for the plaintiff-appellant.

John A. DiCiccio, Acting Assistant Attorney General, Washington, D.C.; Steven W. Parks & Carol Barthel (argued), Department of Justice, Tax Division, Washington, D.C.; Joseph P. Russoniello, United States Attorney, Northern District of California, San Francisco, California; Jay Robert Weill, Assistant United States Attorney, Northern District of California, San Francisco, California, for the defendant-appellee.

**OPINION**

BURGESS, District Judge:

**I**

Ronald B. Baccei, Trustee of the Eda O. Pucci 2004 Revocable Trust, initiated this action in the Northern District of California, seeking a refund of a penalty imposed by the Internal Revenue Service for late payment of an estate tax. Baccei appeals the district court's summary judgment order, arguing that the district court erred in: (1) concluding the substantial compliance doctrine was inapplicable to regulations governing payment extension requests; (2) finding the IRS was not equitably estopped from assessing the late payment penalty and interest; and (3) finding the penalty should not be abated on grounds of "reasonable cause," as that term is used in 26 U.S.C. § 6651(a)(2). We affirm.

**A**

Ronald Baccei served as trustee of the Eda O. Pucci 2004 Revocable Trust. On September 17, 2005, Eda O. Pucci passed away, and Baccei was named executor of the estate. Upon his appointment as executor, Baccei retained Dean Bagley, a certified public accountant, to prepare and file a federal estate tax return on behalf of the Pucci estate. On June 16, 2006, Bagley purported to file a Form 4768 Application for Extension of Time to File a Return and/or Pay U.S. Estate Taxes ("Form 4768") to extend the June 19, 2006, filing deadline. *See* 26 C.F.R. § 20.6075-1 (stating that estate taxes are due nine months after the date of death, unless the taxpayer has obtained an extension of time to pay).

Form 4768 contains four distinct parts, in addition to a signature line requiring the preparer to verify the accuracy of the information submitted under penalty of perjury. Prior to filing Form 4768, Bagley completed three of the four numbered

parts; he did not complete Part III, entitled "Extension of Time to Pay." Bagley did not enter an extension period in the field labeled "Extension date requested," nor did he check the box indicating that a payment extension was needed. Under Part IV of Form 4768, Bagley reported that the amount of estate taxes "estimated to be due" and still owing was $131,327 and left blank the field labeled "Amount of cash shortage (complete Part III)."

In submitting Form 4768, Bagley enclosed a letter dated June 16, 2006, entitled "Request for extension of time to file and pay U.S. Estate Tax" ("supplemental letter"). In relevant part, that letter stated as follows:

> I believe the tax due is the sum of $131,327, but the amount cannot be paid at this time for the following reason: There are more than adequate liquid assets in the Estate to pay the tax. However, due to the litigation, letters testamentary appointing Mr. Ronald B. Baccei were only approved on May 17, 2006. They were promptly delivered to the bank wherein most of the liquid assets are on deposit. The bank, however, has to date not approved the release of funds to Mr. Baccei as trustee so that the tax could be paid as such. We seek this extension of time to pay as well as asking that no penalty be asserted. The trustee has done all in his power to comply.

On December 19, 2006, Bagley filed the federal estate tax return on behalf of the Pucci estate, and reported that the estate taxes actually amounted to $1,684,408. On February 5, 2007, the IRS notified Baccei that the federal estate tax had not been paid by the June 19, 2006, deadline. Consequently, the IRS assessed a penalty of $58,954.28, plus interest in the amount of $69,801, against the estate.

On February 22, 2007, Baccei submitted a payment to the IRS in the amount of $128,755.28. However, Baccei

requested the IRS refund the late payment penalty and interest, claiming that Bagley "had in fact sent an application for extension of time to file a return, Form 4768, on June 16, 2006." The IRS responded that the penalty and interest were properly assessed, as Baccei had "filed [the] return by the extended due date" but failed to "request an extension of time to pay the tax." Accordingly, the IRS denied Baccei's claim for a refund on the basis that Baccei failed to request an extension of time to pay the estate taxes owed.

## B

Baccei initiated this action in district court, seeking a refund of the penalty and interest imposed by the IRS for late payment of the federal estate tax. In his complaint, Baccei alleged (1) a payment extension request had been filed; (2) the late payment penalty should be abated on grounds of reasonable cause; and (3) the IRS's refusal to refund the penalty was unconscionable, contrary to the meaning of the United States Tax Code, and an abuse of discretion.

The United States moved for summary judgment, contending that Baccei did not properly request an extension of time to pay the taxes owed and that Baccei had not established reasonable cause excusing his failure to timely pay the estate tax. Baccei cross-moved for summary judgment, claiming he made a valid late payment request. In the alternative, Baccei argued that reasonable cause existed excusing his failure to timely pay the estate taxes, as he reasonably relied upon his accountant to obtain the payment extension. The parties stipulated to the material facts for purposes of the cross-motions for summary judgment.

After supplemental briefing, the district court entered summary judgment in favor of the United States. It held that the IRS properly assessed a penalty for late payment of taxes because Baccei had not complied with the regulations governing payment extension requests and did not timely pay the

estate taxes owed. Additionally, the district court rejected Baccei's argument that he substantially complied with the regulations, holding that the substantial compliance doctrine was inapplicable since the regulatory requirements were substantive and not procedural. The court observed that Baccei's extension request was deficient in several respects and concluded that application of the substantial compliance doctrine would permit Baccei "to evade the substantive requirements that the IRS has established to govern its determinations regarding extensions of time to pay."

Lastly, the district court found that the late payment penalty should not be abated on the grounds of reasonable cause. The court rejected Baccei's argument that he exercised ordinary business care and prudence in relying on a "well-qualified and knowledgeable CPA" to request and obtain a payment extension. In so doing, the district court held that "[a]n individual's duty to file tax returns or pay tax returns or pay taxes under 26 U.S.C. § 6651(a) cannot be delegated, and reliance on a third party, even a CPA, is not 'reasonable cause' for late filing." As executor of the estate, it was Baccei's "responsibility to ascertain the [payment] due date, and to make certain that a proper request for late payment had been made, and that permission to file late had been granted."

Accordingly, the district court found that the late payment penalty and interest should not be refunded. The court also denied Baccei's cross-motion for summary judgment. However, the court concluded that neither party had adequately addressed whether Baccei's failure to timely pay the estate taxes resulted from "willful neglect." At the court's request, the parties submitted a joint statement addressing the issue. Upon reviewing the parties' statement, the district court granted the United States' summary judgment motion in its entirety. Baccei filed a timely appeal, which we have jurisdiction to review pursuant to 28 U.S.C. § 1291.

## II

We review a district court's summary judgment ruling *de novo*. *Evanston Ins. Co. v. OEA*, *Inc.*, 566 F.3d 915, 918 (9th Cir. 2009). In doing so "[w]e must determine, viewing the evidence in the light most favorable to . . . the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (citation omitted).

## III

On appeal, Baccei argues that the district court erred in (1) holding the substantial compliance doctrine inapplicable to regulations governing requests for extensions of time to pay an estate tax; (2) finding the IRS was not equitably estopped to assess a late payment of penalty and interest; and (3) concluding that Baccei's failure to timely pay the estate taxes owed was not due to reasonable cause. We address each of these claims in turn.

## A

**[1]** Although Baccei conceded before the district court that Bagley did not strictly comply with the requirements for requesting an extension of time to pay the estate taxes owed—in particular, Bagley failed to state the period of the extension requested—Baccei argues that Bagley substantially complied with the regulations governing payment extension requests. The doctrine of substantial compliance is an equitable doctrine designed to avoid hardship in cases where a party has done all that can be reasonably expected. *Sawyer v. Sonoma County*, 719 F.2d 1001, 1008 (9th Cir. 1983). We have previously held that "[s]ubstantial compliance with regulatory requirements may suffice when such requirements are procedural and when the essential statutory purposes have been fulfilled." *Shotgun Delivery, Inc. v. United States*, 269 F.3d 969,

973 (9th Cir. 2001). "Full compliance is necessary when the requirement relates to the substance of the statute or where the essential purposes have not been fulfilled." *Id.* at 973-74; *see also Sawyer*, 719 F.2d at 1008 (stating that "in the context of statutory prerequisites, the doctrine [of substantial compliance] can be applied only where invocation thereof would not defeat the policies of the underlying statutory provisions"). Additionally, "the doctrine of substantial compliance can have no application in the context of a clear statutory prerequisite that is known to the party seeking to apply the doctrine." *Sawyer*, 719 F.2d at 1008; *cf. Volvo Trucks of N. Am., Inc. v. United States*, 367 F.3d 204, 210 (4th Cir. 2004) ("[A] taxpayer may be relieved of perfect compliance with a regulatory requirement when the taxpayer has made a good faith effort at compliance or has a 'good excuse' for noncompliance, and (1) the regulatory requirement is not essential to the tax collection scheme but rather is an unimportant or 'relatively ancillary requirement' or (2) the regulatory provision is so confusingly written that it is reasonably subject to conflicting interpretations."); *Prussner v. United States*, 896 F.2d 218, 224 (7th Cir. 1990) (en banc) ("The common law doctrine of substantial compliance should not be allowed to spread beyond cases in which the taxpayer had a good excuse (though not a legal justification) for failing to comply with either an unimportant requirement or one unclearly or confusingly stated in the regulations or the statute.").

**[2]** Here, Baccei cannot rely on the substantial compliance doctrine to excuse his failure to properly request an extension of time to pay the estate tax because doing so "would . . . defeat the policies of the underlying [regulatory] provision[ ]." *Sawyer*, 719 F.2d at 1008. The regulation governing payment extensions is designed to provide the IRS with the information necessary to determine whether an extension of time to pay is warranted and, if so, to determine a reasonable length for that extension. Among other things, the regulation mandates that "[a]n application containing a request for an extension of time for paying the [estate] tax . . . *shall state the*

*period of the extension requested*." 26 C.F.R. § 20.6161-1(b) (emphasis added). This requirement is neither unclear nor unimportant; rather, it is essential to the IRS's tax collection efforts because it allows the IRS to assess the reasonableness of the taxpayer's request. For example, if a taxpayer requests a 12-month extension but the facts disclosed in the request reveal that only a much shorter extension is warranted, the IRS may, in its discretion, conclude that the request is unreasonable and refuse to grant it. *See id.* ("The granting of the extension of time for paying the tax is discretionary with the appropriate internal revenue officer and his authority will be exercised under such conditions as he may deem advisable."). Additionally, where the taxpayer fails to state the period of the extension requested, the IRS may be forced to guess when the taxpayer will acquire the necessary funds to pay the tax due. For these reasons, we hold that "the purposes of the . . . [regulation] are unsatisfied where the applicant fails to [state the period of the extension requested]." *Sawyer*, 719 F.2d at 1008.

**[3]** Baccei argues that in requesting an automatic six-month extension of time to file the estate tax return, the IRS could infer that he also requested a six-month extension of time to pay the estate taxes owed. However, in establishing allowable extension periods, the statute and regulations clearly distinguish extensions of time to file from extensions of time to pay. Upon submitting Form 4768, taxpayers are entitled to an automatic six-month extension of time to file an estate tax return. 26 U.S.C. § 6081(a); 26 C.F.R. § 20.6081-1(b). In contrast, an extension of time to pay is discretionary and may be granted only for a "reasonable period of time" not to exceed twelve months. 26 U.S.C. § 6161(a); 26 C.F.R. § 20.6161-1(a)(1). As Baccei conceded to the district court, his request for an automatic six-month extension to file could have led the IRS to rationally infer that he was requesting a payment extension for any period less than twelve months, the statutory maximum. Such an ambiguous and undefined extension request does not fulfill the purposes of the regulations

because it deprives the IRS of the information necessary to determine whether to grant the extension of time to pay. Accordingly, we hold that the district court correctly refused to apply the substantial compliance doctrine.[1]

## B

Baccei also argues that the district court erred in denying his estoppel claim. Specifically, Baccei claims the IRS had an obligation to inform him that his payment extension request was deficient, and to provide him with an opportunity to amend his extension application or otherwise mitigate the late payment penalty. Baccei contends that the IRS did not fulfill its obligations and may not profit from its "own wrong" by imposing a late payment penalty and assessing interest.

[4] The traditional elements of an equitable estoppel claim include "(1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury." *Morgan v. Gonzales*, 495 F.3d 1084, 1092 (9th Cir. 2007) (quoting *Watkins v. U.S. Army*, 875 F.2d 699, 709 (9th Cir. 1989) (en banc)). Additionally, a party asserting equitable estoppel against the government must also establish that (1) the government engaged in affirmative misconduct going beyond mere negligence; (2) the government's wrongful acts

---

[1]Baccei cites *Germantown Trust Co. v. Commissioner*, 309 U.S. 304 (1940), in support of his argument that the submitted materials substantially complied with the regulations. However, in *Germantown Trust*, the Supreme Court held that a tax return was complete, even though the return did not include a computation of the tax owed, because the return contained all of the information necessary to calculate the tax owed. *Id.* at 310. In contrast, neither Form 4768 nor the supplemental letter submitted by Bagley contained all of the information necessary to permit the IRS to calculate the appropriate length of the extension requested or to determine whether a payment extension was reasonable and warranted.

will cause a serious injustice; and (3) the public's interest will not suffer undue damage by imposition of estoppel. *Morgan v. Heckler*, 779 F.2d 544, 545 (9th Cir. 1985); *see also Watkins*, 875 F.2d at 708.

**[5]** Baccei has not sustained his burden of establishing that the IRS engaged in affirmative misconduct. Affirmative misconduct on the part of the government requires an affirmative misrepresentation or affirmative concealment of a material fact, *Watkins*, 875 F.2d at 707, such as a deliberate lie or a pattern of false promises. *See, e.g.*, *Mukherjee v. INS*, 793 F.2d 1006, 1009 (9th Cir. 1986). While Baccei complains that the IRS failed to notify him that his extension request was incomplete or invalid, Baccei does not contend that this failure resulted from anything more than negligent oversight. Even if the IRS were negligent in failing to notify Baccei, negligence alone will not support a claim of equitable estoppel against the government. *Jaa v. INS*, 779 F.2d 569, 572 (9th Cir. 1986).

**[6]** Further, Baccei has not pointed to any *affirmative* misconduct by the IRS at all. Instead, Baccei complains of inaction, namely, that the IRS should have notified him that his payment extension request was deficient and had been denied. However, the IRS did not deny any payment extension request; Baccei never properly requested a payment extension in the first place. The IRS's failure to inform a taxpayer that he has not properly requested an extension is mere inaction that cannot support a claim of equitable estoppel. *See Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998); *Cadwalder v. United States*, 45 F.3d 297, 299-300 (9th Cir. 1995).

**[7]** In light of the foregoing, we conclude that the district court properly rejected Baccei's argument that the doctrine of equitable estoppel barred the IRS from imposing a late payment penalty and assessing interest.

## C

Baccei's final argument is that the district court erred in concluding that his failure to timely pay the estate taxes owed was not due to reasonable cause. The Internal Revenue Code provides that a late payment penalty will be assessed if the taxpayer fails to timely pay taxes owed, unless that failure is "due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6651(a)(2). A taxpayer can establish reasonable cause for failure to timely pay by making "a satisfactory showing that he exercised ordinary business care and prudence in providing for the payment of his tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship . . . if he paid [the tax] on the due date." 26 C.F.R. § 301.6651-1(c)(1).

Baccei asserts that the late payment penalty should be abated on grounds of reasonable cause because he exercised "ordinary business care and prudence in providing for the payment of [the estate's] tax liability."**²** Baccei advances two arguments in support of his position.

## 1

**[8]** First, Baccei argues that he exercised "ordinary business care and prudence" in relying upon his accountant, Bagley, to competently file a payment extension request. *See* 26 C.F.R. § 301.6651-1(c)(1). Although we have found no cases evaluating whether a taxpayer's reliance on an accountant to obtain an extension of time to pay taxes owed constitutes "reasonable cause" under § 6651(a)(2), we draw guidance from *United States v. Boyle*, 469 U.S. 241 (1985). In *Boyle*, an executor claimed that he relied on his attorney to file a federal estate tax return and argued that this reliance constituted reasonable cause under § 6651(a)(1) for failing to timely file

---

**²**Baccei does not argue that undue hardship would result if a payment extension request were refused.

the return. *Id.* at 251-52. The Supreme Court denied the executor's claim, holding that "[t]he failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not 'reasonable cause' for a late filing under § 6651(a)(1)." *Id.* at 252. The Court noted that "Congress has placed the burden of prompt filing on the executor, not on some agent or employee of the executor." *Id.* at 249.

Applying *Boyle*, we have also explained that a taxpayer's reasonable reliance on an agent to timely file a return does not constitute reasonable cause when the due date of the return was ascertainable by the taxpayer. *Conklin Bros. of Santa Rosa, Inc. v. United States*, 986 F.2d 315, 317-18 (9th Cir. 1993); *accord In re Am. Biomaterials Corp.*, 954 F.2d 919, 923 (3d Cir. 1992). As we noted in *Conklin Bros.*, a taxpayer "cannot rely on its employee or agent to escape responsibility for the nonperformance of nondelegable tax duties." *Id.* at 319.

**[9]** We extend these determinations of reasonable cause under § 6651(a)(1) to determinations of reasonable cause under § 6651(a)(2). There is no reason to distinguish between reasonable cause for a failure to timely *file* an estate tax return and reasonable cause for a failure to timely *pay* an estate tax, and we refuse to do so.[3] Accordingly, we affirm the district

---

[3]Baccei cites several cases construing the negligence penalty under former 26 U.S.C. § 6653(a) for the proposition that "[w]hen an accountant or attorney advises a taxpayer on a matter of tax law, such as whether a liability exists, it is reasonable for the taxpayer to rely on that advice." *Henry v. Comm'r*, 170 F.3d 1217, 1220 (9th Cir. 1999) (quoting *Boyle*, 469 U.S. at 251). However, these cases are distinguishable as they involve a taxpayer's reliance on the advice of tax professionals to take aggressive tax deductions or adopt positions that can be classified as "reasonably debatable." *See Foster v. Comm'r*, 756 F.2d 1430, 1439 (9th Cir. 1985). Baccei does not contend that Bagley inaccurately advised him of his liability under the tax code or provided him with substantive advice on a debatable tax position. Rather, Baccei solely claims that he relied on Bagley to request and obtain a payment extension.

court's finding that Baccei's reliance upon Bagley to competently file a payment extension request does not constitute reasonable cause excusing Baccei's failure to timely pay the estate taxes owed. Although Baccei was entitled to retain an accountant to seek a payment extension, Baccei was responsible for either identifying the payment deadline and ensuring that payment was made prior to that deadline, or confirming that a payment extension had been properly requested and granted. By failing to confirm that an extension had been requested and granted before the payment deadline lapsed, Baccei failed to exercise the "ordinary business care and prudence" necessary to establish reasonable cause under 26 C.F.R. § 301.6651-1(c)(1).

**2**

**[10]** Secondly, Baccei argues that the late payment penalty should be abated on grounds of reasonable cause because he was unable to liquidate the estate's real property assets before the payment deadline lapsed. Baccei contends that the district court did not adequately evaluate whether the estate possessed sufficient liquid assets to pay the estate taxes owed in a timely manner. However, Baccei did not argue before the district court that the estate's lack of funds constituted reasonable cause excusing the late payment. Rather, he raises this argument for the first time on appeal.

Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal, although we have discretion to do so. *In re Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000). We may exercise this discretion (1) to prevent a miscarriage of justice; (2) when a change in law raises a new issue while an appeal is pending; and (3) when the issue is purely one of law. *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996). However, we will not reframe an appeal to review what would be in effect a different case than the one decided by the district court. *Robb v.*

*Bethel Sch. Dist. No. 403*, 308 F.3d 1047, 1052 n.4 (9th Cir. 2002).

**[11]** Baccei bore the burden of proving that his failure to timely pay the estate tax was due to reasonable cause and not willful neglect. *See Boyle*, 469 U.S. at 243 (citing 26 U.S.C. § 6651(a)). However, Baccei did not argue in either the complaint or his cross-motion for summary judgment that the estate's financial need to liquidate real property assets constituted reasonable cause. If Baccei believed that the estate's need to liquidate real property assets constituted reasonable cause for abatement of the late payment penalty under § 6651(a)(2), it was incumbent on him to make that argument before the district court. Because Baccei failed to do so and this case does not present "exceptional circumstances" warranting our consideration of his argument for the first time on appeal, we decline to address it.

## IV

We hold that the district court correctly found that the substantial compliance doctrine does not excuse Baccei's failure to strictly comply with the regulations governing requests for extension of time to pay estate taxes. We also hold that the district court appropriately rejected Baccei's argument that the doctrine of equitable estoppel barred the IRS from imposing a late payment penalty and assessing interest. Lastly, we hold that the district court properly granted summary judgment to the United States on the issue of whether the late payment penalty should be abated on the grounds of reasonable cause. The judgment entered by the district court is therefore

**AFFIRMED.**