**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-35903 |
| Plaintiff - Appellee, | DC No. 3:09 cv-0204 TMB |
| v. | |
| DENNIS TORREY, | MEMORANDUM[*] |
| Defendant-Cross-Claimant - Appellant, | |
| and | |
| MELISSA TORREY; ERIC TORREY, | |
| Defendants-Cross-Claimants, | |
| v. | |
| ALICE BISMARK, | |
| Cross-Defendant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted May 22, 2013
Anchorage, Alaska

Before:     TASHIMA, TALLMAN, and N.R. SMITH, Circuit Judges.

This is a trespass action involving a five-acre parcel of land allotted for Native Alaskan ownership. Dennis Torrey, a non-Native Alaskan, appeals the district court's grant of partial summary judgment in favor of the United States on its trespass claim and denial of Torrey's motion to dismiss on res judicata and equitable estoppel grounds. The complex facts of this long-running quarrel are well known to the parties and are not materially disputed. We set them forth here only as necessary to explain our holding.

We review de novo the grant of summary judgment. *United States v. City of Tacoma*, 332 F.3d 574, 578 (9th Cir. 2003). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     This action is not barred by the doctrine of res judicata (claim preclusion). Although a 1991 federal court order dismissed with prejudice a trespass claim brought by Patrick Chuitt, Sr. ("Chuitt") against Torrey and his then-wife Alice, that action is not res judicata as to the present action because there is no "identity of claims." *Turtle Isl. Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 917 (9th Cir. 2012) (quoting *Tahoe-Sierra Pres. Council, Inc. v.*

*Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)); *see also*

*Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982).

The only right established in the first trespass action was Alice's right to the Chuit River Lodge parcel, and the present action does not threaten to destroy or impair Alice's rights. *See Turtle Island*, 673 F.3d at 917-18 (asking "whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action"). Moreover, new evidence is available in the present action because Alice has since given a sworn statement that she considers Chuitt's contractual obligations to be satisfied. *See id.* at 918 (asking "whether substantially the same evidence is presented in the two actions"). Finally and most importantly, the two actions do not share the same transactional nucleus of facts because the harm alleged in the present action arises from factual developments that followed the conclusion of the first trespass action. *See id.* ("whether the two suits arise out of the same transactional nucleus of facts" is the "most important" criterion in determining an identity of claims); *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011) ("If the harm arose from different facts at a different time, . . . then the plaintiff could not have brought the claim in the first action."). Chuitt's heirs (here represented by the United States) can now exercise ownership over the disputed Chuit River Lodge

3

parcel free and clear of any contractual obligation to Alice because Chuitt conveyed to Alice a parcel of land that she now considers a satisfaction of his obligations under their 1983 agreement. Alice's acquiescence is a "[c]hange of circumstances" – a "[m]aterial operative fact[] occurring after the decision of an action with respect to the same subject matter" that "may be made the basis of a second action not precluded by the first." *Restatement (Second) of Judgments* § 24 cmt. f (1982). Accordingly, the first trespass action does not bar this action under the doctrine of res judicata.

2.  Torrey cannot meet the traditional requirements of equitable estoppel because, at minimum, he cannot show ignorance of "the true facts."[1] *Baccei v. United States*, 632 F.3d 1140, 1147 (9th Cir. 2011). Since at least 1993, Torrey has known that Chuitt conveyed a different parcel to Alice, despite being under a court order to convey the Chuit River Lodge parcel to her. That much is clear from Torrey and Alice's 1993 marital settlement agreement, in which Alice disclaimed

---

[1] Appellee argues that Torrey lacks Article III standing to assert equitable estoppel as an affirmative defense against the trespass claim. We disagree. Article III standing is a requirement that applies "almost invariably" to plaintiffs and Torrey is in a purely defensive posture with regard to the plaintiffs-appellees; he has brought no counterclaim against them. 13A Charles Alan Wright et al., *Federal Practice & Procedure* § 3531 (3d ed. 2013); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (explaining that "[t]he party invoking federal jurisdiction bears the burden of establishing" the elements of Article III standing).

4

interest in the disputed parcel and Torrey disclaimed interest in the parcel that Chuitt actually conveyed to Alice. In short, Torrey has known for approximately twenty years that he is living on land owned by neither himself nor Alice. Having long slumbered on any rights he may have, Torrey cannot now invoke the equitable defense of estoppel.

**AFFIRMED.**