
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SODA MOUNTAIN WILDERNESS COUNCIL; et al., | No. 12-35844 |
| Plaintiffs - Appellants, | D.C. No. 1:12-cv-01171-CL |
| v. | |
| BUREAU OF LAND MANAGEMENT, | MEMORANDUM[*] |
| Defendant - Appellee, | |
| MURPHY COMPANY, | |
| Intervenor-Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Argued and Submitted July 8, 2013
Portland, Oregon

Before: PREGERSON, MURGUIA, and CHRISTEN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Soda Mountain Wilderness Council, Oregon Wild, Klamath Siskiyou Wildlands Center, Center for Biological Diversity, and Cascadia Wildlands (Soda Mountain) appeal the district court's denial of their motion for preliminary injunction seeking to enjoin a timber sale approved by the Bureau of Land Management (BLM). Soda Mountain argues that it raised serious questions on the merits of three claims relating to: (1) whether BLM's timber sale will contribute to the need to list the Pacific fisher under the Endangered Species Act in violation of the Federal Land Policy and Management Act; (2) whether BLM violated the National Environmental Protection Act (NEPA) by failing to take a "hard look" at logging trees infected with mistletoe; and, (3) whether BLM violated NEPA by failing to consider an alternative that avoids construction of new roads. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We affirm the district court's order denying Soda Mountain's motion for a preliminary injunction, in part, and reverse in part.

We review the district court's denial of a preliminary injunction under an abuse of discretion standard. *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). "We will not reverse the district court where it got the law right, even if we would have arrived at a different result, so long as the district court did not clearly err in its factual determinations." *Alliance for the Wild*

*Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (internal quotation marks omitted). To prevail on its motion for a preliminary injunction in the district court, Soda Mountain had to establish that it is likely to succeed on the merits; that the balance of hardships tips in its favor; that it is likely to suffer irreparable harm in the absence of preliminary relief; and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). As an alternative to satisfying the first two *Winter* elements, Soda Mountain could have shown that its complaint raised "serious questions going to the merits" and that the balance of hardships "tips sharply" in its favor. *Cottrell*, 632 F.3d at 1131–32.

The district court did not abuse its discretion by ruling that Soda Mountain did not raise serious questions on the merits of its claim that the timber sale would contribute to the need to list the Pacific fisher as a threatened or endangered species.[1] The BLM evaluated the impact of the proposed project on the Pacific fisher and determined that it would not contribute to the need to list the fisher as a threatened or endangered species. The BLM's determination is owed deference. *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1206 (9th Cir. 2004) ("Where a court

---

[1] We agree with the BLM's observation that Soda Mountain waived several of its arguments about the Pacific fisher by not raising them before the district court. *See Baccei v. United States*, 632 F.3d 1140, 1149 (9th Cir. 2011) ("Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal . . . .").

reviews an agency action involving primarily issues of fact, and where analysis of the relevant documents requires a high level of technical expertise, we must defer to the informed discretion of the responsible federal agencies." (internal quotation marks omitted)).

Nor did the district court err by ruling that Soda Mountain failed to raise serious questions as to the merits of its argument that the BLM failed to take the required "hard look" at logging trees infected with mistletoe. The district court found that the agency undertook a reasonably thorough discussion of the significant aspects of the probable environmental consequences of its proposed action, such that the environmental assessment "foster[s] both informed decision-making and informed public participation." *Ctr. for Biological Diversity v. Nat'l Highway Traffic Safety Admin.*, 538 F.3d 1172, 1194 (9th Cir. 2008) (alteration in original). Here, mistletoe infected trees appear to present both environmental benefits (because the fisher uses mistletoe for resting), as well as environmental costs (because mistletoe harms the trees it infects). Removal of all mistletoe-infected trees was not advocated by either party. The record demonstrates that the BLM did not ignore the impact of the project on mistletoe, even if it did not precisely quantify the amount of mistletoe to be removed. The district court correctly ruled that this is sufficient under our case law. *See Native Ecosystems*

4

*Council v. U.S. Forest Serv.*, 428 F.3d 1233, 1242 (9th Cir. 2005) (failure to specify percentages of canopy closure resulting from project not fatal where agency assessed impact of changes to canopy).

Soda Mountain's argument that the BLM arbitrarily and capriciously removed from further consideration the proposed "no-new-roads alternative" has merit, however. The environmental assessment prepared by the BLM rejected Soda Mountain's request to examine in detail a project alternative that would not have required the building of new roads to access three units in the project area. The BLM explained that helicopter yarding of the three units would be necessary if roads were not built, that helicopter yarding would be cost prohibitive, and that removing the three units from the project "would not have been consistent with [the regional management plan] direction for managing units for sustained timber production."[2] However, the final Decision Record for the project *did* remove one of the three road-requiring units as well as several other units that were part of the original proposal. Because the BLM never explained why eliminating two of the three new-road-requiring units from the project would have been inconsistent with the project objectives, but eliminating several other units from the proposal was not

---

[2] The environmental assessment stated that ensuring sustainable forest production involves managing forests to improve conifer forest vigor and growth, and reduce the risk of stand loss from fires, animals, insects, and disease.

5

inconsistent with project objectives, we "are left in doubt as to the reason for the change in direction." *Lands Council v. Martin*, 529 F.3d 1219, 1225 (9th Cir. 2008) (quoting *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 493 (9th Cir. 2007) (en banc) (as amended)).  Our review is deferential, but "the agency must nonetheless articulate a rational connection between the facts found and the conclusion made." *Id.* (internal quotation marks omitted).  Because we do not find in the record any explanation that allows us to reconcile the decision to reject the "no-new-roads" alternative with the decision to reduce the size of the project by more than three units, we conclude the district court erred by failing to find a likelihood of success on the merits of this part of Soda Mountain's NEPA claim.

We now turn to the other factors that govern motions for preliminary injunction.  "In the NEPA context, irreparable injury flows from the failure to evaluate the environmental impact of a major federal action." *High Sierra Hikers Ass'n v. Blackwell*, 390 F.3d 630, 642 (9th Cir. 2004).  Additionally, "[e]nvironmental injury, by its nature, can seldom be adequately remedied by money damages and is often permanent or at least of long duration, *i.e.*, irreparable." *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 545 (1987).  By demonstrating that the no-new-roads alternative was improperly rejected as to units 20-1 and 20-2, Soda Mountain has demonstrated an irreparable injury.

Moreover, because the public has an interest in having its environmental proposals adequately considered, the public interest weighs in favor of granting an injunction. The parties agreed in oral argument that should the no-new-roads alternative be the only appellate issue with merit, any resulting preliminary injunction should not affect the project areas serviced by existing roads, but the preliminary injunction should instead be narrowly tailored to enjoin only the construction of new roads. *See Pit River Tribe v. U.S. Forest Serv.*, 615 F.3d 1069, 1080–81 (9th Cir. 2010) ("Relief for a NEPA violation is subject to equity principles."). Although the briefing on this issue was imprecise, we understand that the only units within the timber sale area impacted by the failure to consider the no-new-roads alternative are units 20-1 and 20-2, which would be accessed by the construction of 1.15 miles of new road.[3]

The balance of equities tips in Soda Mountain's favor because neither the BLM nor Murphy Company have articulated a strong explanation for how granting a preliminary injunction, let alone a narrowly tailored one that allows the

---

[3] In its opening brief, Soda Mountain described its original proposed alternative as a "proposal to drop three units that contained road construction" of which only two units — units 20-1 and 20-2 — remain in the timber sale. To the extent that Soda Mountain also seeks an injunction based on the BLM's failure to consider an alternative that avoided the construction of 0.6 miles of temporary roads in other units of the timber sale area, that argument was not in the briefing and is therefore waived.

remainder of the project to go forward, will hurt their interests. Murphy reports that its workforce is fully employed and working overtime.

In light of these facts, the district court abused its discretion by failing to issue a limited preliminary injunction enjoining the building of 1.15 miles of new roads until the BLM either considers Soda Mountain's no-new-roads alternative for units 20-1 and 20-2, or specifies why that alternative was rejected in a manner that is consistent with the project objectives and consistent with the revised timber sale. We affirm the district court's ruling that Soda Mountain did not meet its burden for preliminarily enjoining the remainder of the timber sale.

**AFFIRMED** in part, **REVERSED** in part and **REMANDED** for further proceedings consistent with this memorandum disposition. Each party to bear their own costs on appeal.