**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PROCENTURY INSURANCE
COMPANY,

              Plaintiff - Appellee,

     v.

A. EDWARD EZOR, DBA The Law
Offices of A. Edward Ezor,

              Defendant - Appellant.

No. 11-56779

D.C. No. 2:10-cv-07293-PA-FFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted January 9, 2014
Pasadena, California

Before: TASHIMA, FISHER and CLIFTON, Circuit Judges.

     A. Edward Ezor appeals from the judgment entered in favor of plaintiff

ProCentury Insurance Company.  We affirm.

     1.  Ezor's argument that ProCentury had a duty to defend him against the

Page Petition is foreclosed by the plain language of the policies and *Westrec*

---

     [*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*Marina Management, Inc. v. Arrowood Indemnity Co.*, 78 Cal. Rptr. 3d 264 (Ct. App. 2008). Both the Brown and Page Petitions constitute claims made against Ezor in September 2008 because they arose out of "related wrongful acts" that shared a "common nexus" and the relationship between them was not "so attenuated or unusual that an objectively reasonable insured could not have expected they would be treated as a single claim under the policy." *Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.*, 855 P.2d 1263, 1265 (Cal. 1993). Ezor's failure to report the Brown Petition therefore bars coverage for the later-filed Page Petition. ProCentury was not obligated to defend Ezor against the allegations of the Page Petition.

2. Neither waiver nor estoppel precludes ProCentury from denying coverage for the Page Petition. First, waiver does not apply. Ezor points to no action (or inaction) on ProCentury's part that demonstrates an express or implied intentional relinquishment of a known right. *See Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 636 (Cal. 1995); *Ringler Assoc. Inc. v. Md. Cas. Co.*, 96 Cal. Rptr. 2d 136, 154-55 (Ct. App. 2000).

Second, ProCentury is not estopped, because Ezor has not demonstrated how he reasonably relied to his detriment on ProCentury's provision of a defense. *See State Farm Fire & Cas. Co. v. Jioras*, 29 Cal. Rptr. 2d 840, 844 (Ct. App. 1994);

2

*see also Waller*, 900 P.2d at 638. He could not reasonably have expected that ProCentury would never assert a coverage defense given the brief amount of time that elapsed before it did so. Moreover, the majority of attorney's fees were incurred after Ezor knew ProCentury was withdrawing coverage shortly after the conclusion of the first phase of trial in probate court, yet Ezor elected to proceed with appointed defense counsel.

3. We decline to consider whether the district court erred in awarding the entire amount of reimbursement ProCentury sought, because Ezor failed to preserve this argument. *See, e.g.*, *Baccei v. United States*, 632 F.3d 1140, 1149 (9th Cir. 2011). In response to ProCentury's motion for summary judgment, Ezor noted only that the amount of reimbursement was "undisputed at this time," although he purported to reserve his right to dispute the amount at a later date. He proffered no evidentiary support for this reservation, and failed to make a proper request to take further discovery on the fee issue, *see* Fed. R. Civ. P. 56(d), so ProCentury's claimed amount of reimbursement was established as an uncontroverted fact by local rule, *see* C.D. Cal. Local Rule 56-3; *see also* Fed. R. Civ. P. 56(e)(2). The district court did not abuse its discretion in amending the judgment to incorporate the undisputed amount in full. *See* Fed. R. Civ. P. 59(e); *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

4. The district court did not abuse its discretion in denying Ezor's motion to stay or dismiss the case. The probate court did not purport to adjudicate any coverage issues when it denied appointed defense counsel's motion to withdraw, so there was no danger of inconsistent rulings. *See Gov't Emp. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc). Ezor has not pointed to any specific prejudice he suffered from the denial of his motion to stay or dismiss. He was not forced to litigate unfairly on two fronts because, by the time his motion was denied, trial in the probate court had already concluded.

**AFFIRMED.**