

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHERYL SILVER, | No. 12-56221 |
| Plaintiff-counter-defendant - Appellant, | D.C. No. 8:11-cv-01127-AG-RNB |
| v. | MEMORANDUM[*] |
| CORINTHIAN COLLEGES, INC., a Delaware corporation, | |
| Defendant-counter-claimant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted April 9, 2014[**]
Pasadena, California

Before: FERNANDEZ, N.R. SMITH, and MURGUIA, Circuit Judges.

Sheryl Silver sued her former employer, Corinthian Colleges, Inc.

("Corinthian"), for (1) interference with her putative Family Medical Leave Act

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("FMLA") rights, (2) wrongful termination in violation of public policy, and (3) failure to pay all wages owed upon termination under California Labor Code § 201. The district court granted summary judgment on all claims. Reviewing de novo, *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1137 (9th Cir. 2009), we affirm.

The district court properly granted summary judgment on Silver's claim that Corinthian had interfered with her purported FMLA rights by failing to notify her of such rights. An "employer is liable [under 29 U.S.C. § 2617] only for compensation and benefits lost 'by reason of the violation,' for other monetary losses sustained 'as a direct result of the violation,' and for 'appropriate' equitable relief . . . ." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002) (citations omitted); *see also* 29 U.S.C. § 2617(a)(1). Silver presented no evidence that she lost compensation or benefits, or otherwise suffered monetary losses, due to Corinthian's failure to notify her. While Silver did present evidence of her claimed equitable relief in the form of front pay, *see Traxler v. Multnomah Cnty.*, 596 F.3d 1007, 1011 (9th Cir. 2010), the FMLA does not provide a remedy for an injury resulting solely from termination for misconduct. *See* § 2614(a)(3)(B) ("Nothing in [the FMLA] shall be construed to entitle any restored employee to . . . any right, benefit, or position of employment other than any right, benefit, or

position to which the employee would have been entitled had the employee not taken the leave."); 29 C.F.R. § 825.216(a) ("An employee has no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the FMLA leave period."). In the district court, Silver did not dispute that Corinthian terminated her employment solely due to her misconduct, barring any argument to the contrary on appeal. *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 999 (9th Cir. 2002).

Silver waived any other theories of how Corinthian interfered with her alleged FMLA rights by failing to raise them in the district court. *See Baccei v. United States*, 632 F.3d 1140, 1149 (9th Cir. 2011) ("[W]e will not reframe an appeal to review what would be in effect a different case than the one decided by the district court.").

Silver's claim for wrongful termination in violation of the public policy embodied in the FMLA fails, because she did not allege a causal nexus between her termination and Corinthian's failure to notify her of her potential FMLA rights. *See Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 749 (9th Cir. 2011) (citing *Turner v. Anheuser-Busch, Inc.*, 876 P.2d 1022, 1034 (Cal. 1994)).

Finally, Silver waived her California Labor Code claim by expressly abandoning it in the district court. *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 999 (9th Cir. 2002).

Corinthian's motion for judicial notice is **GRANTED**.

The judgment of the district court is **AFFIRMED.**