**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ANDREW RALPH BELLO, Sr.,<br><br>Debtor,<br><br>———————————<br><br>ANDREW RALPH BELLO, Sr.,<br><br>Appellant,<br><br>v.<br><br>CHASE HOME FINANCE, LLC,<br><br>Appellee. | No. 13-60087<br><br>BAP No. 11-1541<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Jury, and Bason, Bankruptcy Judges, Presiding

Submitted November 5, 2015[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: FARRIS and BYBEE, Circuit Judges and TIGAR,*** District Judge.

The facts and procedural posture of this case are known to the parties, and we do not repeat them here.[1] Appellant Ralph Bello, Sr. seeks reversal of the Bankruptcy Appellate Panel's decision affirming the bankruptcy court's order, which dismissed Bello's second amended complaint with prejudice. We review a motion to dismiss de novo, *Narayanan v. British Airways*, 747 F.3d 1125, 1127 (9th Cir. 2014), and the decision to deny leave to amend for abuse of discretion, *In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 736 (9th Cir. 2013). We affirm.

First, although the BAP did not reach these grounds, the bankruptcy court dismissed three of Bello's claims—failure to perfect the trust deed, violation of the California Consumer Legal Remedies Act, and violation of the automatic stay—because Bello neither sought for nor was granted leave to add those claims under Fed. R. Civ. P. 15. Bello cannot dismiss his failure to even ask for leave to add new claims as a "mishap" or "technicality" where the court had already dismissed his complaint twice and granted leave only to fix deficiencies in the

---

*** The Honorable Jon S. Tigar, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

[1] Appellee's motion to take judicial notice of various public record documents is hereby granted.

2

existing complaint.  Thus we affirm the BAP on this alternative ground; the bankruptcy court did not abuse its discretion.  *See In re Western States*, 715 F.3d at 738; *see also Dittman v. California*, 191 F.3d 1020, 1927 n.3 (9th Cir. 1999) (noting our ability to affirm on alternative grounds).

Second, Bello's claim that problems with the substitution of trustee invalidated the lien is baseless.  Under California law, a substitution of trustee is effective from the time it is *recorded*.  Cal. Civ. Code § 2934a(a)(1), (4).   And once it is recorded, the new trustee is retroactively authorized "from the date the substitution [was] executed." *Id.* § 2934a(4)(d).  Moreover, even where a notice of default was recorded by someone who was not the trustee at the time, it is only where the notice of *sale* is recorded prior to the recording of the substitution that a sale can be invalidated.  *See Ferguson v. Avelo Mortg., LLC*, 126 Cal. Rptr. 3d 586, 594–95 (Ct. App. 2011).

Third, Bello's claim for a violation of the California Homeowners Bill of Rights is raised for the first time on appeal.  He never even pleaded this claim.  We will not address it.  *See Baccei v. United States*, 632 F.3d 1140, 1149 (9th Cir. 2011).

Finally, because all of Bello's claims fail as a matter of law, his request for declaratory relief also necessarily fails.  *See* 28 U.S.C. § 2201.

3

The BAP's decision is **AFFIRMED**.