
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-15015 |
| Plaintiff - Appellee, | D.C. No. 2:11-cv-03079-GEB-EFB |
| v. | |
| STANLEY K. BURRELL; STEPHANIE D. BURRELL, | MEMORANDUM* |
| Defendants - Appellants, | |
| and | |
| IMAGE, LIKENESS, POWER LLC, | |
| Defendant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Submitted December 10, 2015**
San Francisco, California

Before: GRABER, WARDLAW, and MURGUIA, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

Defendants Stanley and Stephanie Burrell appeal from a judgment in favor of the United States for 1996 and 1997 income taxes. On de novo review of this summary judgment, Baccei v. United States, 632 F.3d 1140, 1144 (9th Cir. 2011), we affirm.

Like the district court, we reject Defendants' argument that the government was equitably estopped from collecting the 1996 and 1997 taxes. Defendants argue for estoppel based on the government's failure to include those taxes in a proof of claim in their bankruptcy proceeding, along with a stipulation entered into in 2000 stating that "the only amount [of tax] due and owing" at the time was a portion of Defendants' 1995 tax liability.

To establish equitable estoppel against the government, Defendants must show not only the traditional elements of the doctrine, but also "both (1) affirmative misconduct on the part of the government and (2) that the government's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage." Indus. Customers of Nw. Utils. v. Bonneville Power Admin., 767 F.3d 912, 928 (9th Cir. 2014) (internal quotation marks omitted). The evidence fails to establish either of those elements.

Affirmative misconduct means "a deliberate lie or a pattern of false promises." Elim Church of God v. Harris, 722 F.3d 1137, 1144 (9th Cir. 2013)

(internal quotation marks omitted). Here, the government did not commit affirmative misconduct. See Baccei, 632 F.3d at 1147 (IRS did not commit affirmative misconduct by failing to notify defendant that his extension request was invalid). Although the government's failure to include the 1996 and 1997 income tax liabilities in the proof of claim, and its signing of the stipulation, may have been negligent, negligence does not support a claim of equitable estoppel against the government. Id.

And holding Defendants accountable for their unpaid taxes will not cause a serious injustice. Defendants' counsel told the bankruptcy court in 1998 that Defendants were aware of the 1996 and 1997 tax liabilities and that they had worked out a separate post-bankruptcy payment plan with the government. Counsel also represented to the bankruptcy court that the 1996 and 1997 taxes, which would be paid later, would not have a negative effect on payments to unsecured creditors.

**AFFIRMED.**

3