NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 8 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSEPH LAWRENCE KOSTER; JACOB DANIEL SOLING,

Plaintiffs-Appellants,

v.

MATTHEW G. WHITAKER, Acting Attorney General, in his official capacity; et al.,

Defendants-Appellees.

No.   20-15077

D.C. No. 2:19-cv-01173-DJH

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted February 1, 2021
Phoenix, Arizona

Before:  W. FLETCHER, MILLER, and HUNSAKER, Circuit Judges.

Joseph Koster and Jacob Soling (Plaintiffs) sued former Acting Attorney

General Matthew Whitaker and other government officials after the Department of

Justice amended the regulations of the Bureau of Alcohol, Tobacco, Firearms and

Explosives to prohibit the possession of bump-stock devices. *See* Bump-Stock-Type

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Devices, 83 Fed. Reg. 66,514 (Dec. 26, 2018) (the Rule). Attorney General William Barr ratified the Rule several months later, *see* Bump-Stock-Type Devices, 84 Fed. Reg. 9,239 (Mar. 14, 2019), and Plaintiffs filed a Second Amended Complaint seeking injunctive and declaratory relief alleging violations of the Appointments Clause, U.S. Const. art. II, § 2, cl. 2, the Federal Vacancies Reform Act, 5 U.S.C. § 3345 et seq., and the Attorney General Succession Act, 28 U.S.C. § 508(a). The district court dismissed Plaintiffs' claims for lack of standing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Plaintiffs challenged former President Donald Trump's alleged policy of designating federal employees to serve in positions requiring Presidential appointment and Senate confirmation (PAS offices), even when an office-specific vacancy statute designates the person who should fill the vacancy and that person is available. Plaintiffs' theory of injury from that alleged policy, however, depends on a "highly attenuated chain of possibilities" and is too speculative to establish the injury-in-fact requirement for Article III standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013). We therefore affirm the district court's dismissal of Plaintiffs' policy-based claim.

2. Plaintiffs also seek declaratory relief based on their claims that Whitaker lacked constitutional and statutory authority to issue the Rule and that the Rule harmed Plaintiffs by unlawfully depriving them of their property. These claims,

2

however, are moot because there is no longer a live controversy regarding the pre-ratified Rule. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013) ("[A]n actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." (internal quotation marks and citation omitted)). Although Plaintiffs urge us to read a ratification challenge into their declaratory judgment claims, we decline to "reframe an appeal to review what would be in effect a different case than the one decided by the district court." *Baccei v. United States*, 632 F.3d 1140, 1149 (9th Cir. 2011). Plaintiffs did not challenge the validity or effectiveness of the ratification until their reply brief in support of their motion for summary judgment—the last filing by either party on the dispositive motions. The district court therefore "appropriately declined to consider" the argument. *Greisen v. Hanken*, 925 F.3d 1097, 1115 (9th Cir. 2019). Accordingly, we affirm the district court's dismissal of Plaintiffs' challenge to the pre-ratification Rule.

**AFFIRMED.**