**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 31 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



PEDIATRIC AND FAMILY MEDICAL
FOUNDATION, DBA Eisner Pediatric and
Family Medical Center,

Plaintiff-Appellant,

v.

XAVIER BECERRA, Secretary of the
United States Department of Health and
Human Services,

Defendant-Appellee.

No.   20-55517

D.C. No.
2:17-cv-00732-SJO-AS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted May 6, 2021
Pasadena, California

Before:  WARDLAW and GOULD, Circuit Judges, and DONATO,[**] District
Judge.

Eisner Pediatric and Family Medical Center (Eisner) appeals from the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

district court's grant of summary judgment for defendant Secretary of the United States Department of Health and Human Services (HHS). We have jurisdiction pursuant to 28 U.S.C. § 1291. We previously referred the case to mediation and administratively closed it, but the mediation was not successful. We now reopen the case, and reverse in part and remand.

A district court's summary judgment ruling is reviewed *de novo*. *Baccei v. United States*, 632 F.3d 1140, 1144 (9th Cir. 2011) (citation omitted). Because the parties are familiar with the facts, they will not be recounted here.

The district court properly concluded that Eisner lacked standing to challenge HHS's particularized determination process under 42 C.F.R. § 6.6. Eisner never applied for a particularized determination, and it did not allege any harm from that process.

With respect to HHS's July 2015 letter removing California Hospital Medical Center (CHMC) from the scope of Eisner's grant under Section 330 of the Public Health Service Act (PHSA), 42 U.S.C. § 254b, the district court correctly concluded that the removal of the site was not barred by HHS's deeming determination for Eisner for the 2015 calendar year. HHS's notice of deeming action, which "deem[ed] Eisner Pediatric & Family Medical Center to be an employee of the PHS [*i.e.*, Public Health Service], for the purposes of section 224 [*i.e.*, 42 U.S.C. § 233], effective 1/1/2015 through 12/31/2015," expressly advised

2

Eisner that "[d]eemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant." As this language indicates, deeming Eisner to be an employee of the Public Health Service under the Federally Supported Health Centers Assistance Act (FSHCAA), 42 U.S.C. § 233(g), through December 31, 2015, was not a guarantee that Eisner's scope of project for which it received funding under the PHSA would remain the same for that time period.

However, the district court did not properly conclude that the July 2015 letter was sufficient under the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A). The agency did not adequately explain why it was reversing its position on the federal grant status of CHMC, eight years after having approved CHMC as a health service site within the scope of Eisner's PHSA grant.

The letter provided two ostensible reasons for the change of course, neither of which was sufficient. First, the agency stated that Eisner's 2007 change in scope request, which had requested to add CHMC to Eisner's scope of grant, "did not fully address issues of control and oversight over the delivery of services under the Coverage Agreement." This statement does not shed any light on how the 2007 request fell short in these areas, and leaves us to "speculate on reasons that

might have supported [the] agency's decision," which we may not do. *Encino Motorcars, LLC v. Navarro*, 136 S.Ct. 2117, 2127 (2016).

Although agencies are free to reverse course, they must "provide a reasoned explanation for the change." *Id*. at 2125 (citations omitted). HHS did not do that, and when an agency has "failed to provide even [a] minimal level of analysis" such that its "path may reasonably be discerned," its "action is arbitrary and capricious and so cannot carry the force of law." *Id*. (quotations and citations omitted).

The second reason given by the agency was a non sequitur. It stated that "EPFMC's continuous staffing of California Hospital Medical Center's OB/GYN Department pursuant to a Coverage Agreement with the Hospital did not fit within the FTCA coverage standards set forth in 42 C.F.R. § 6.6." But FTCA coverage under the Federally Supported Health Centers Assistance Act, and the scope of a grant funded under the Public Health Service Act, are two separate issues. The letter's reference to the lack of FTCA coverage for the CHMC site consequently did not explain why HHS was removing CHMC from the scope of Eisner's PHSA grant, especially when eight years had passed since HHS had approved the addition of the CHMC site to Eisner's scope of grant. The agency relied on an irrelevant factor, which again rendered its decision to remove CHMC arbitrary and capricious. *See Yetiv v. U.S. Dep't of Housing & Urb. Dev.*, 503 F.3d 1087, 1091 (9th Cir. 2007).

The district court's grant of summary judgment for HHS on Eisner's APA claim is consequently reversed, and on remand, the district court is directed to enter summary judgment for Eisner on that claim.

On the issue of standing, the parties agree that we can order the complaint corrected to name the proper plaintiff entity that suffered injury:  Pediatric and Family Medical Center dba Eisner Pediatric and Family Medical Center.  The complaint is deemed so amended.  *See* 28 U.S.C. § 1653; *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 907-08 (9th Cir. 2011).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**.