**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GLASSWERKS LA, INC.,

                Plaintiff-Appellant,

  v.

LIBERTY INSURANCE CORPORATION;
LIBERTY MUTUAL INSURANCE
COMPANY,

                Defendants-Appellees.

No.   21-55303

D.C. No.
2:20-cv-10428-VAP-PD

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Argued and Submitted April 12, 2022
Pasadena, California

Before: PAEZ and BADE, Circuit Judges, and CARDONE,[**] District Judge.

Glasswerks LA, Inc., appeals the district court's dismissal of its amended

complaint without leave to amend. For the reasons below, we affirm.

    **1.**     We affirm the district court's dismissal of Glasswerks' breach of

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The Honorable Kathleen Cardone, United States District Judge for the
Western District of Texas, sitting by designation.

contract claim because the amended complaint does not allege that any "suit" was ever filed, and thus Liberty did not breach the contract by failing to defend against the third parties' claims. None of Glasswerks' cited cases support its argument that the requirement of a suit was a condition precedent that was—or could have been—excused. Similarly, Glasswerks cites no caselaw supporting its equitable or idle act arguments. Glasswerks' anticipatory repudiation argument carries more weight. But because Glasswerks did not raise this argument before the district court, the argument is waived. *See Baccei v. United States*, 632 F.3d 1140, 1149 (9th Cir. 2011).

2.    We affirm the district court's dismissal of Glasswerks' claim for breach of the implied covenant of good faith and fair dealing. In California, "[w]here benefits are withheld for proper cause, there is no breach of the implied covenant" of good faith and fair dealing. *Love v. Fire Ins. Exch.*, 71 Cal. Rptr. 246, 255 (Cal. 1990). Because Glasswerks has not successfully pleaded a claim for breach of contract, as summarized above, it cannot sustain a claim for breach of the implied covenant of good faith and fair dealing.

3.    We affirm the district court's dismissal of Glasswerks' claim for declaratory relief. In California, "a request for declaratory relief will not create a cause of action that otherwise does not exist." *City of Cotati v. Cashman*, 52 P.3d 695, 702 (Cal. 2002) (internal quotation marks omitted). Because Glasswerks has

no live claims, Glasswerks cannot sustain a claim for declaratory relief.

4.     We affirm the district court's denial of leave to amend.  We review a district court's denial of leave to amend for abuse of discretion.  *Walker v. Beard*, 789 F.3d 1125, 1131 (9th Cir. 2015).  Glasswerks requested leave to amend to put forth its anticipatory repudiation theory, but at oral argument counsel was unable to articulate how this theory might be formulated or what new facts might be alleged in support of it.  Glasswerks did not oppose the portions of the defendants' motions before the district court that sought dismissal without leave to amend.  And Glasswerks did not mention anticipatory repudiation in any of its filings before the district court.  Thus, we cannot say that the district court *abused its discretion* in denying relief that Glasswerks' counsel utterly failed to seek before that court.[1] *See Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

AFFIRMED.

---

[1] Because we affirm the district court's dismissal of all claims without leave to amend against all defendants, we need not reach the question of whether the district court properly dismissed Liberty Mutual Insurance Company, the parent company defendant.