UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br> v.<br><br>MAURICIO AGUILERA,<br><br>    Defendant - Appellant. | No. 12-10441<br><br>D.C. No. 3:09-CR-00988-CRB-2<br>Northern District of California,<br>San Francisco<br><br><br>ORDER |

Before: D.W. NELSON, McKEOWN, and M. SMITH, Circuit Judges.

Appellant's petition for rehearing is **GRANTED in part** and **DENIED in part**. Appellant's petition is granted only with regards to the suppression of evidence taken from Appellant's cell phone. The memorandum disposition filed on August 22, 2014, is withdrawn and is replaced by a memorandum disposition filed concurrently with this order. Our prior memorandum disposition may not be cited as precedent to any court. As the petition for rehearing is granted in part, the petition for rehearing en banc is **DENIED as moot**. The parties shall have fourteen days from the date of this order to file a new petition for rehearing en banc.

 **IT IS SO ORDERED**.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



JAN 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10441 |
| Plaintiff - Appellee, | D.C. No. 3:09-CR-00988-CRB-2 |
| v. | |
| MAURICIO AGUILERA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Argued and Submitted May 12, 2014
San Francisco, California

Before: D.W. NELSON, McKEOWN, and M. SMITH, Circuit Judges.

Mauricio Aguilera appeals from his conviction for conspiracy to distribute

five kilograms or more of cocaine. Mr. Aguilera contends that his conviction

suffers from several infirmities, including: 1) that insufficient evidence supports

his conviction for conspiracy; 2) that the evidence submitted to the jury constituted

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

a constructive amendment or fatal variance of the conspiracy charged in his indictment; 3) that the district court improperly prevented him from asserting his defense; 4) that counts one and five of the indictment were improperly joined; and 5) that the district court erred in not suppressing images taken from his cell phone. Because the parties are familiar with the facts and procedural history of these cases, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm, except as to the last issue on which we reverse the district court's denial of Aguilera's motion to suppress and remand for an evidentiary hearing.

## DISCUSSION

### A. Sufficiency of Evidence

To prove the count one conspiracy, the government produced evidence of: 1) recorded phone calls between Aguilera, who was seeking to purchase cocaine to distribute to a third party, and Rodriquez, a named co-conspirator, haggling over the price of cocaine; 2) Aguilera's recorded admission that he bought drugs from Rodriquez on credit during the conspiracy period; and 3) extensive telephone contact between Aguilera and Rodriquez during a period when Rodriquez was selling drugs to the government's informant. This evidence is sufficient to prove Aguilera's participation in a conspiracy to distribute drugs because the purchase of drugs on credit is probative of an agreement to distribute. *United States v. Mincoff*, 574 F.3d 1186, 1193 (9th Cir. 2009) (finding sufficient evidence with one purchase

of drugs and one failed attempt to purchase drugs becasue single transaction on credit was sufficient evidence of agreement and intent).

**B.     Fatal Variance or Constructive Amendment**

The jury was given a multiple conspiracies instruction, which provides in relevant part:  "If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed.  Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy."  Based on the instructions and the evidence, the jury convicted on the basis of conduct charged in the indictment, and there was no variance or constructive amendment.  *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions.").

**C.     Ability to Present His Defense**

Aguilera contends that the district court violated his right to present a defense by directing defense counsel not to reference the charging language in the indictment, which was not introduced into evidence at trial.  Contrary to his assertion, however, the defense had ample opportunity to present its multiple conspiracies defense and did so throughout his closing argument.  Further, the jury

received instructions on the multiple conspiracies defense, which defense counsel noted during his closing argument.

**D.    Joinder of Counts 1 and 2**

Misjoinder requires reversal only "if the misjoinder results in actual prejudice because it had a substantial and injurious effect or influence in determining the jury's verdict." *United States v. Jawara*, 474 F.3d 565, 579 (9th Cir. 2006) (quoting *United States v. Terry*, 911 F.2d 272, 277 (9th Cir. 1990)).

Aguilera was not prejudiced. Much of the evidence related to count five was admissible with regard to count one under Federal Rule of Evidence 404(b) to show knowledge. For the same reasons, the district court acted within its discretion when it denied Aguilera's Rule 14 motion. *United States v. Lopez*, 477 F.3d 1110, 1116 (9th Cir. 2007).

**E.    Suppression of Cell Phone Images**

Aguilera contends that images taken from his cell phone must be suppressed because the government lacked probable cause to search the phone and because the authorities "searched" the phone before obtaining a search warrant. We conclude that the warrant was supported by probable cause. *United States v. Celestine*, 324 F.3d 1095, 1102 (9th Cir. 2003). However, the government's actions prior to the

issuance of the September 7, 2010, warrants cause us concern as to whether there was a constitutional violation.[1]

On August 27, 2010, Detective Posadas made copies of the files on Aguilera's cell phones. Although the parties had an agreement in place to allow for "mirror images" of the data on the cell phones to be made in the absence of a warrant,[2] Posadas admitted in his trial testimony that he did not make "mirror images" of the phones and, in fact, that the device used to copy the cell phones' data is not capable of making a "mirror image." Additionally, and perhaps most concerning, Posadas testified that he reviewed the contents of the phone while copying the data.

In denying the motion to suppress in this case, the district court ruled without holding an evidentiary hearing that, based on the agreement between the parties, the government's search on August 27, 2010, was reasonable. Of course, "the ultimate touchstone of the Fourth Amendment is 'reasonableness,'" and a warrantless search "is reasonable only if it falls within a specific exception to the

---

[1]We note that the government did not raise the independent source exception, *see Murray v. United States*, 487 U.S. 533, 541 (1988), to the evidence retrieved from the August 27, 2010, search before the district court and thus has waived such argument. *Baccei v. United States*, 632 F.3d 1140, 1149 (9th Cir. 2011).

[2]The agreement also provided that "[t]he Government will not examine or search the copy of the data made pursuant to this agreement unless specifically authorized by the Court in a future order."

warrant requirement." *Riley v. California*, 134 S. Ct. 2473, 2482 (2014) (internal quotation marks and citations omitted).  Given that the parties had an agreement in place to provide for certain steps to be taken by the government without a warrant, it seems clear that if the government's actions fell under the agreement, there would be no constitutional violation.  However, the trial testimony by Posadas, which occurred subsequent to the district court's ruling on the motion to suppress, illustrates the potential discrepancies between what was provided for in the agreement and what actually occurred.

The record is limited on this ground as no evidentiary hearing was conducted; thus, we are left only with Posadas's trial testimony.  Accordingly, we believe the prudent course of action is to remand this case to the district court to conduct an evidentiary hearing on this issue.  The evidentiary hearing should focus on whether the government's actions prior to obtaining the warrant violated the parties' agreement and amounted to an unconstitutional search, in particular whether the method of copying the data was substantively different from making a "mirror image" of the data and the impact and scope of Posadas's viewing the contents of the cell phone as the copy was being made.  Therefore, we reverse the district court's denial of the motion to suppress and remand for further proceedings.

**AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.**

*United States v. Aguilera*, 12-10441
D.W. Nelson, Senior Circuit Judge, concurring in part, dissenting in part:

I join in Parts A, C, D, and E of the majority disposition. Because I believe that there was a constructive amendment of the indictment, and the multiple conspiracies instruction did nothing to cure the problem, I respectfully dissent from Part B.

The government charged Aguilera with a conspiracy involving an organization centered around Jorge Rodriguez. At trial, the government introduced evidence sufficient to prove a conspiracy between Aguilera and Rodriguez, but also introduced evidence concerning three other individuals: David Morgan, a man referred to as Chino, and a man referred to as Unidentified Male 4915 ("UM4915"). The government introduced no evidence linking Morgan, Chino, or UM 4915 to the Rodriguez conspiracy. In the absence of evidence showing an overall agreement between conspirators, our precedent requires finding that the government proved two separate conspiracies. *See, e.g.*, *United States v. Arbelaez*, 719 F.2d 1453, 1457 (9th Cir. 1983). At closing, the government argued, "As to Count 1, . . . this is an ongoing conspiracy that involved a number of players: [Rodriguez], Chino, Unidentified Male 4915, David Morgan . . . and Aguilera. You only need two for a conspiracy. Here we have a minimum of five." The jury was therefore incorrectly instructed by the government that it could convict

Aguilera for conspiring with any one of four named individuals where the indictment only named Rodriguez. Under our precedent, this is a constructive amendment and reversible error if left uncorrected. *E.g., United States v. Ward*, 747 F.3d 1184, 1190–91 (9th Cir. 2014). The multiple conspiracies instruction relied on by the majority, however, did not interpret or explain the scope of the indictment's conspiracy charge. The jury was left with only the government's incorrect interpretation that the indictment included Morgan, Chino, and UM 4915 as conspirators. We therefore have no way to know if Aguilera was convicted based on the conspiracy between Aguilera and Rodriguez, which the government charged and sufficiently proved at trial, or if the conviction was based on evidence of another conspiracy introduced by the government at trial but not charged in the indictment. This constitutes reversible error. *Id.* at 1192. I respectfully dissent.