**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 18 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10380 |
| Plaintiff-Appellee, | D.C. No. 3:09-cr-00988-CRB-2 |
| v. | |
| MAURICIO AGUILERA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted September 14, 2017[**]
San Francisco, California

Before: SILER,[***] TALLMAN, and BEA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eugene E. Siler, United States Circuit Judge for the Sixth Circuit, sitting by designation.

Mauricio Aguilera appeals the district court's order denying his motion to suppress evidence, and claims that the district court erred when it held that his Fourth Amendment rights were not violated. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Aguilera's cell phone was seized incident to his arrest for drug conspiracy and possession in 2009. It was later returned pursuant to a written letter agreement, which allowed the government to create "an exact duplicate, or mirror image, of the data" on the phone, but forbade it from "examin[ing] or search[ing] the copy of the data . . . unless specifically authorized by the Court in a future order."

The government sent Aguilera's phone to Silicon Valley Regional Computer Forensic Laboratory, where forensic analyst Ronald Posadas performed a "logical acquisition." This process required Posadas to use a "Cellebrite" extraction device to copy data from the phone category by category. It also required him to conduct a number of "spot checks" to ensure that each extraction was successful.

Apparently, Posadas was unable to perform a logical acquisition of the text message category. The best he could do was to preserve the messages by taking manual screenshots of each one.

When the government obtained a warrant authorizing it to search the data copied from Aguilera's phone, it discovered incriminating photos depicting bricks

of cocaine. It presented these photos at Aguilera's jury trial, but it did not present the text messages. The jury convicted Aguilera on both drug counts.

Aguilera appealed his conviction, arguing that the government exceeded the scope of the written letter agreement and violated his Fourth Amendment rights by searching his phone without a warrant. *See Riley v. California*, 134 S. Ct. 2473, 2494–95 (2014). We remanded for an evidentiary hearing on this matter in 2015. *See United States v. Aguilera*, 591 F. App'x 555, 558 (9th Cir. 2015) (unpublished).

The district court then heard additional testimony from Posadas, but rejected Aguilera's argument that the government exceeded the scope of the agreement. It first interpreted the phrase "exact duplicate, or mirror image" as specifying that the government could not alter the data on the phone, and found that the use of the read-only Cellebrite device satisfied this requirement. It then explained that "search or examination" contemplates some form of meaningful review, and found that Posadas's spot-checking amounted only to "verification." Finally, it heard and implicitly rejected Aguilera's argument that Posadas violated the agreement by taking manual screenshots of the text messages when he had no other extraction method available.

We review the district court's determination for clear error, *see United States v. Mines*, 883 F.2d 801, 803 (9th Cir. 1989), and find none. Although the

3

written agreement could be read as authorizing only a blind extraction method, as Aguilera claims he intended, a "typical reasonable person" might also read the agreement as authorizing the method described above—which utilized a forensic analyst who was walled-off from the investigative team. *See Florida v. Jimeno*, 500 U.S. 248, 251 (1991); *see also United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1179 (9th Cir. 2010) (en banc) (Kozinski, J., concurring) (recommending the use of "specially trained computer personnel who are not involved in the investigation" to segregate data falling within the scope of a search warrant from data falling outside the scope of a warrant).

"Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Elliott*, 322 F.3d 710, 715 (9th Cir. 2003) (quoting *United States v. Working*, 224 F.3d 1093, 1102 (9th Cir. 2000) (en banc)). The district court did not err in denying Aguilera's motion to suppress evidence.

**AFFIRMED.**

4