**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MELVIN KAHEANA CHANG, M.D.,

          Plaintiff - Appellant,

  v.

STRAUB CLINIC AND HOSPITAL,
INC.; JOHN DOES, 1 to 5; DOE
PARTNERSHIPS, 1 to 5; DOE
CORPORATIONS, 1 to 5; DOE
GOVERNMENTAL ENTITIES, 1 to 5,

          Defendants - Appellees.

No. 14-15230

D.C. No. 1:12-cv-00617-DKW-
RLP

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted October 20, 2016
Honolulu, Hawaii

Before: WALLACE, FARRIS, and WATFORD, Circuit Judges.

Appellant Melvin Chang, M.D., appeals from the district court's judgment

granting Appellee Straub Clinic and Hospital, Inc.'s (Straub) motion for summary

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

judgment and denying Chang's subsequent motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's summary judgment. *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). A district court's denial of a motion for reconsideration is reviewed for abuse of discretion. *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

In his retaliation claim, Chang did not carry his burden under the first prong of the *McDonnell-Douglas* test to make a *prima facie* showing of causation. *See Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 891 (9th Cir. 1994). It is possible to raise an inference of causation by showing that the decision-maker knew of the employee's protected activity. *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 797 (9th Cir. 1982). Here, however, there is no evidence that Randy Yates, the person who fired Chang, knew that his advocacy was based on a belief that Straub was discriminating. There is therefore no basis for concluding that Yates knew Chang engaged in protected activity. Nor is there evidence that any Straub employee who knew of Chang's activity participated in the decision to terminate him. *See id.* at 797 n.5.

Chang cannot rely on temporal proximity to raise an inference of causation because the three-plus year gap between his activity and his termination is too

great. *See, e.g.*, *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1035 (9th Cir. 2006) (eight-month gap was "too great to support an inference" of causation). Chang argues that his email to Ray Vara and his telephone call with Linda Cazinha in the months before his termination were protected activity, but there was no mention of discrimination in either communication. Finally, Chang's "unpleasant dealings" with Straub's CEO do not amount to a "pattern of antagonism." *See Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 895 (9th Cir. 2004). Accordingly, the district court did not err in granting summary judgment on this claim.

Regarding Chang's intentional infliction of emotional distress claim, his response to the summary judgment motion did not address Straub's argument that his claim is barred by Hawaii's workers' compensation statute. He has therefore waived this issue. *Abogados v. AT&T, Inc.*, 223 F.3d 932, 937 (9th Cir. 2000). Although we have discretion to consider Chang's argument, there are no "exceptional circumstances" that move us to do so. *Baccei v. United States*, 632 F.3d 1140, 1149 (9th Cir. 2011).

Chang also has not shown that the district court abused its discretion in denying his motion for reconsideration. He has not identified any "newly discovered evidence" or "intervening change in controlling law," nor has he demonstrated that the district court's order was clearly erroneous or "manifestly

3

unjust." *Sch. Dist. No. 1J*, 5 F.3d at 1263. We therefore affirm the district court's

summary judgment and denial of reconsideration.

**AFFIRMED.**