**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JUSTIN CURTIS WERLE,
*Defendant-Appellant.*

No. 20-36005

D.C. Nos.
2:20-cv-00184-WFN
2:14-cr-00041-WFN-1

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Argued and Submitted October 4, 2021
Seattle, Washington

Filed June 3, 2022

Before: A. WALLACE TASHIMA, MILAN D. SMITH,
JR., and JACQUELINE H. NGUYEN, Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

## SUMMARY[*]

### 28 U.S.C. § 2255

The panel vacated the district court's summary denial of a 28 U.S.C. § 2255 motion in which Justin Curtis Werle seeks to vacate his felon-in-possession-of-a-firearm conviction under 18 U.S.C. §§ 924(a)(2) and 922(g)(1), and remanded for an evidentiary hearing.

Werle sought to vacate the conviction because he pled guilty without being informed of the *mens rea* element announced in *Rehaif v. United States*, 139 S. Ct. 2191 (2019)—*i.e.*, that the Government must prove not only that the defendant knew he possessed a firearm, but also that he knew he was a felon when he possessed the firearm. Since Werle did not challenge the omission of this element in the district court or on direct appeal, his claim is procedurally defaulted, such that the district court may not consider the merits of the claim unless Werle can overcome the default by showing (1) cause for not raising the error sooner; and (2) prejudice, which means a reasonable probability that Werle would not have pled guilty had he been properly informed of the elements of the offense.

The district court summarily denied the motion without supplementing the record, holding an evidentiary hearing, or making factual findings. In doing so, the district court necessarily concluded that the motion and the files and records of the case conclusively show that Werle is entitled to no relief. The district court reasoned that because Werle

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

had been sentenced to one year and one day in prison five years before possessing the firearm at issue, he could not establish prejudice.

The panel held that the district court's summary denial was erroneous.

The panel wrote that, as the parties agreed, the district court erred by applying plain-error analysis.

The panel held that Werle established cause necessary to overcome the procedural default because any argument that the Government was required to prove he knew he had been convicted of a crime punishable by more than one year in prison at the time he possessed the firearm would have been futile at the time he pled guilty, when every court to address that argument had rejected it. In so holding, the panel rejected the Government's argument that *Bousley v. United States*, 523 U.S. 614 (1998), overruled *Reed v. Ross*, 468 U.S. 1 (1984), in which the Supreme Court held that the cause requirement may be satisfied under certain circumstances, including when the Supreme Court overturns a longstanding and widespread practice to which the Supreme Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved.

Before analyzing the parties' prejudice arguments, the panel wrote that in the context of a § 2255 motion, procedural default is an affirmative defense, and the district court may deny the petition without a hearing only if the record conclusively establishes the defendant cannot overcome the procedural default. The panel held that the record in this case does not conclusively establish prejudice. Rejecting the Government's specific arguments, the panel held (1) neither the fact that Werle was sentenced to more

than one year in prison, nor his acknowledgment at his sentencing hearing that he had been "convicted of felonies," is conclusive evidence that he would have pled guilty even if he were informed of all of the elements of the offense; and (2) the potential loss of an acceptance-of-responsibility reduction is not so great that it alone conclusively establishes that Werle would have pled guilty to the felon-in-possession count even if he were properly informed of the of the elements of the offense.

Emphasizing that its discussion is not meant to suggest that the district court must reach a particular conclusion, the district court remanded for an evidentiary hearing.

## COUNSEL

Houston Goddard (argued), Federal Defenders of Eastern Washington & Idaho, Spokane, Washington, for Defendant-Appellant.

Timothy J. Ohms (argued), Assistant United States Attorney; Joseph H. Harrington, Acting United States Attorney; United States Attorney's Office, Spokane, Washington; for Plaintiff-Appellee.

**OPINION**

M. SMITH, Circuit Judge:

In *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the Supreme Court held that for firearm-possession prosecutions pursuant to 18 U.S.C. § 924(a)(2) and § 922(g), the Government must prove "that the defendant knew he possessed a firearm and also that he knew he had the relevant status [under § 922(g)] when he possessed it." *Id.* at 2194. This means that for prosecutions under § 924(a)(2) and § 922(g)(1), which are colloquially referred to as felon-in-possession prosecutions, "the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm." *Greer v. United States*, 141 S. Ct. 2090, 2095 (2021). By interpreting the statute this way, the Supreme Court upended the unanimous and well-settled law of at least ten circuit courts of appeals, which had held for decades that the Government need not prove that a defendant knew of his status. *See Rehaif*, 139 S. Ct. at 2210 n.6 (Alito, J., dissenting) (collecting cases); *see also United States v. Miller*, 105 F.3d 552, 555 (9th Cir. 1997) ("We agree with the decisions from other circuits that the § 924(a) knowledge requirement applies only to the possession element of § 922(g)(1), not . . . to felon status.").

In response, Justin Werle moved to vacate his conviction for violating § 924(a)(2) and § 922(g)(1) because he pled guilty without being informed of the *mens rea* element the Supreme Court announced in *Rehaif*. Since Werle did not challenge the Government or the district court's omission of this element in the district court or on direct appeal, his claim is procedurally defaulted, meaning that the district court may not consider the merits of the claim unless Werle can overcome the default. *See United States v. Pollard*, 20 F.4th

1252, 1255–56 (9th Cir. 2021). One way to overcome a procedural default is by showing cause for not raising the error sooner and prejudice, which, in this context, means a reasonable probability that Werle would not have pled guilty had he been properly informed of the elements of the offense. *See id.*[1]

The district court summarily denied Werle's motion without supplementing the record, holding an evidentiary hearing, or making factual findings. In doing so, the district court necessarily concluded that "the motion and the files and records of the case conclusively show that [Werle] is entitled to no relief." 28 U.S.C. § 2255(b). The district court reasoned that because Werle had been sentenced to one year and one day in prison five years before possessing the firearm at issue here, he could not establish prejudice. We hold that the district court's summary denial of Werle's motion was erroneous.

## I

On December 26, 2013, the Spokane Police Department received a report that Justin Werle, who police knew to be a felon, was in possession of a weapon. When officers located him, they observed a brown wooden handle of a firearm sticking out of his jacket pocket. The officers removed the firearm and determined it was a Savage/Stevens 12 gauge short-barreled shotgun with an obliterated serial number.

---

[1] "Alternatively, a petitioner can show actual innocence to overcome procedural default." *Pollard*, 20 F.4th at 1256 n.2. Werle argued in the district court that he could show that he is actually innocent, but did not raise that argument in his opening brief on appeal, so we do not address it.

Werle was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 924(a)(2) and § 922(g)(1), and for possessing an unregistered firearm, in violation of 26 U.S.C. § 5861(d). He pled guilty to both counts. Five years later, the Supreme Court decided *Rehaif*, in which it held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Thus, for prosecutions pursuant to § 922(g)(1), the Government must prove that the defendant knew that he had been convicted of a crime "punishable by imprisonment for a term exceeding one year," § 922(g)(1), "when he possessed" the firearm, *Rehaif*, 139 S. Ct. at 2194. *See also Greer*, 141 S. Ct. at 2095.

Because *Rehaif* had not yet been decided and we had held that the Government need not prove the defendant's knowledge of his status, the Government did not include this element in Werle's indictment, and neither Werle's attorney nor the district court informed him of it. After the Supreme Court decided *Rehaif*, Werle filed a motion pursuant to 28 U.S.C. § 2255 arguing, among other things, that his plea was not knowing and voluntary because he was not informed of all of the elements of the offense before pleading guilty. *See Bousley v. United States*, 523 U.S. 614, 618–19 (1998).

The Government argued that the district court could not reach the merits of Werle's claim because he had not raised the *Rehaif* error at trial or on direct appeal. Werle argued that the court could reach the merits of the claim because he could show cause and prejudice necessary to overcome the procedural default. Because he had not served more than one year in prison, Werle contended, it was "at least plausible" that he did not recall that his sentences were longer than one

year, and therefore there was a reasonable probability that he would have proceeded to trial on the felon-in-possession count.

Without holding an evidentiary hearing, the district court denied Werle's motion in a two-page order. Applying plain-error analysis, the district court held that Werle was not entitled to relief because five years before he possessed the firearm at issue here a state court sentenced Werle to one year and one day in prison, and Werle signed a document entitled "Felony Judgment and Sentence" that listed his sentence. Therefore, the district court held, "a jury would conclude that, Mr. Werle knew, or should have known, he had been convicted of a crime punishable by more than a year." The district court also held that the fact that Werle served only seven months and two days of that sentence was "inapposite" because *Rehaif* does not require that a defendant actually serve more than one year in prison. The district court issued a certificate of appealability, and Werle timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and § 2253(a). We review the district court's denial of Werle's § 2255 motion de novo and its denial of an evidentiary hearing for abuse of discretion. *United States v. Chacon-Palomares*, 208 F.3d 1157, 1158 (9th Cir. 2000).

## II

On appeal, the parties agree that the district court erred by applying plain-error analysis, and they are correct. We apply plain-error review when a defendant urges us on direct appeal to correct an error the defendant did not raise in the district court. *See* Fed. R. Crim. P. 52(b); *United States v. Frady*, 456 U.S. 152, 162–64 (1982). But when a defendant raises an error for the first time on collateral review, the defendant must generally show cause for not raising the error sooner and actual prejudice resulting from the error before a

court can consider the claim on the merits. *Id.* at 167–68. Therefore, the district court applied the wrong legal standard. *See id.* at 166.

The Government argues that we may affirm the district court's judgment on other grounds because Werle cannot establish cause sufficient to overcome his procedural default, and even if he could, he cannot show that he was prejudiced.

## A

Werle argues that he has demonstrated cause because any argument that the Government was required to prove he knew he had been convicted of a crime punishable by more than one year in prison at the time he possessed the firearm "would have been futile in 2014" because "every court to address [this] argument had rejected it." The Government responds that the Supreme Court has "flatly rejected . . . futility of a claim, by itself, as sufficient cause to excuse a procedural default." We agree with Werle.

The Supreme Court first addressed what constitutes cause to overcome a procedural default in *Engle v. Isaac*, 456 U.S. 107 (1982). In *Isaac*, the Court held that "the futility of presenting an objection to the state courts cannot alone constitute cause for a failure to object at trial." *Id.* at 130. The Court reasoned that a state court that has previously rejected an argument might change its mind, and that recognizing futility as cause might encourage litigants to deliberately "bypass the state courts" whenever they believe the federal courts will be more amenable to their claims. *Id.* Allowing them to do so would deprive the states of any "chance to mend their own fences and avoid federal intrusion." *Id.* at 129. Therefore, the Court held that "perceived futility alone cannot constitute cause." *Id.* at 130 n.36.

Two years later, the Court backed away from this categorical language. It held in *Reed v. Ross*, 468 U.S. 1 (1984), that "the cause requirement may be satisfied under certain circumstances when a procedural failure is not attributable to an intentional decision by counsel made in pursuit of his client's interests." *Id.* at 14. A defendant's "failure to raise a claim for which there was no reasonable basis in existing law" is one such circumstance because it "does not seriously implicate any of the concerns that might otherwise require deference to a State's procedural bar." *Id.* at 15. The Court identified a non-exhaustive list of situations that would qualify: (1) when the Supreme Court "explicitly" overrules one of its precedents, (2) when the Supreme Court "overturn[s] a longstanding and widespread practice to which [the] Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved," and (3) when the Supreme Court "disapprove[s] a practice [it] arguably has sanctioned in prior cases." *Id.* at 17 (cleaned up). The Court held that "when a case falling into one of the first two categories is given retroactive application, there will almost certainly have been no reasonable basis upon which an attorney previously could have urged a state court to adopt the position that [the Supreme] Court ultimately adopted." *Id.* Therefore, "the failure of a defendant's attorney to have pressed such a claim before a state court is sufficiently excusable to satisfy the cause requirement."[2] *Id.*

This case falls into the second category. At the time Werle pled guilty, all ten circuits that had addressed the

---

[2] Although *Isaac* and *Reed* involved habeas petitions pursuant to 28 U.S.C. § 2254 based on state convictions, the Supreme Court has applied the same framework to a § 2255 motion based on a federal conviction. *See, e.g., Bousley*, 523 U.S. at 622–23.

issue, including our court, had held that the Government was not required to prove that a defendant knew of his status as a felon at the time the defendant possessed the firearm. *See Rehaif*, 139 S. Ct. at 2210 n.6 (Alito, J., dissenting) (collecting cases). By that time, at least six circuits had been unified on this issue for nearly seventeen years. *See id.* Under these circumstances, there was no reasonable basis for Werle to have argued that the Government was required to prove that he knew of his status as a felon at the time he possessed the firearm. *See Reed*, 468 U.S. at 17.

The Government argues that the Supreme Court overruled *Reed* in *Bousley v. United States*, 523 U.S. 614 (1998). There, like here, a defendant argued in a § 2255 motion that his guilty plea was not knowing and voluntary because the Supreme Court construed the statute under which he was convicted more narrowly after his conviction became final. *See id.* at 616–18. The defendant argued that he could demonstrate cause for his failure to raise the issue sooner because he believed that the Eighth Circuit had previously rejected his argument. *See id.* at 623; Brief for Petitioner at 35, *Bousley v. United States*, 523 U.S. 614 (1998) (No. 96-8516), 1997 WL 728537, at *35. The Supreme Court held that the alleged futility of raising the argument did not constitute cause for his failure to object. Its entire analysis of the issue was as follows:

> As we clearly stated in *Engle v. Isaac*, 456 U.S. 107, 102 S. Ct. 1558, 71 L.Ed.2d 783 (1982), "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'"

*Id.* at 623 (quoting *Isaac*, 456 U.S. at 130 n.35). The Government argues that this language overruled *Reed*.

But *Bousley* did not analyze, much less overrule, *Reed.* Indeed, *Bousley* cited *Reed* only once, and only for the proposition that a defendant may establish cause for a procedural default if the legal basis for the claim was not reasonably available at the time it should have been raised. *See Bousley*, 523 U.S. at 622. We are "bound to follow a controlling Supreme Court precedent until it is explicitly overruled by that Court." *Nunez-Reyes v. Holder*, 646 F.3d 684, 692 (9th Cir. 2011) (citation omitted). The Supreme Court did not explicitly overrule *Reed* in *Bousley*, and it has not done so since.

Even if we were permitted to assume that the Supreme Court *implicitly* overruled *Reed*, we would not do so based on *Bousley* because *Reed* and *Bousley* co-exist comfortably. After *Bousley*, futility cannot constitute cause when it means "simply that a claim was 'unacceptable to [a] particular court at [a] particular time,'" *Bousley*, 523 U.S. at 623, but futility can constitute cause if it means that a claim has been unacceptable to a near-unanimous body of lower courts for a sustained period, *see Reed*, 468 U.S. at 17. *See also Pollard*, 20 F.4th at 1262 (Forrest, J., concurring) (explaining that *Bousley* did not address a situation "where a claim has been uniformly rejected by every circuit to consider it for a sustained period of time").

We therefore hold that Werle has established cause necessary to overcome the procedural default. Because Werle has established cause, we turn to whether he can establish prejudice.

## B

Before analyzing the parties' prejudice arguments, it is important to first understand the procedural posture of this case. When a defendant files a § 2255 motion, the district court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). If they do not, the court must order the Government to answer the motion and, if necessary, hold an evidentiary hearing and make factual findings sufficient to rule on the motion.[3] *Id.*; *see also* Rules 4(b), 7, 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts (2255 Rules).

In the context of a § 2255 motion, procedural default is an affirmative defense. *See United States v. Withers*, 638 F.3d 1055, 1064 (9th Cir. 2011). That means the defendant does not bear the burden of pleading cause and prejudice in his motion. *Id.* Instead, the Government bears the burden of raising the procedural default defense. *Id.* Once the Government establishes a defendant's procedural default, the burden shifts to the defendant to demonstrate cause and prejudice sufficient to overcome it. *See Bousley*, 523 U.S. at 622. Only if the record conclusively establishes the defendant cannot overcome the procedural default, may

---

[3] District courts may also obtain necessary evidence without holding an evidentiary hearing by directing the parties "to expand the record by submitting additional materials." 2255 Rule 7(a). But "[w]hen the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive." *Blackledge v. Allison*, 431 U.S. 63, 82 n.25 (1977) (quoting Advisory Committee's Note to 1976 adoption of Rule 7 of the Rules Governing Section 2254 Cases in United States District Courts).

the district court deny the petition without a hearing. *See* 28 U.S.C. § 2255(b).

To establish prejudice, Werle must demonstrate a reasonable probability that he would have proceeded to trial had he been properly informed of the elements of the offense. *Pollard*, 20 F.4th at 1256. Whether there is a reasonable probability a defendant would have proceeded to trial is a factual question that often depends on evidence outside the record, such as what influenced the defendant's decision to plead guilty. *See Lee v. United States*, 137 S. Ct. 1958, 1966 (2017) (holding that the prejudice inquiry in this context "focuses on a defendant's decisionmaking"). Therefore, an evidentiary hearing may be required to determine whether a defendant would have proceeded to trial if he were fully informed of the elements of the offense. *See id.* at 1963, 1967–68 (examining testimony from the defendant and defendant's plea-stage counsel regarding the defendant's decision to plead guilty); *United States v. Manzo*, 675 F.3d 1204, 1210 (9th Cir. 2012) (reversing and remanding because the "record [did] not contain the historical views of defense counsel or of Manzo" regarding "whether if correctly advised Manzo would have pleaded guilty anyway"); *Iaea v. Sunn*, 800 F.2d 861, 865–66 (9th Cir. 1986) (remanding "for an evidentiary hearing to determine whether there is a reasonable probability Iaea would not have pled guilty absent counsel's erroneous advice"). We therefore decide only whether the district court abused its discretion by summarily denying Werle's motion without holding an evidentiary hearing. We do not (and cannot) decide at this stage whether Werle is entitled to relief. *See Machibroda v. United States*, 368 U.S. 487, 495 (1962) ("Not by the pleadings and the affidavits, but by the whole of the testimony, must it be determined whether the petitioner has carried his burden of proof and shown his right

to a discharge.") (quoting *Walker v. Johnston*, 312 U.S. 275, 287 (1941)).

The Government argues that the district court's summary denial was proper because there is "overwhelming" evidence that Werle knew he had been convicted of a crime punishable by more than one year in prison at the time he possessed the firearm, and no rational person in Werle's circumstances would have risked forfeiting a three-level Sentencing Guidelines reduction for acceptance of responsibility by proceeding to trial. We disagree. While some people in Werle's circumstances might rationally choose to plead guilty, others might rationally choose to go to trial. To determine which category Werle falls into, the district court must hold an evidentiary hearing.

## 1

The Government first argues that the record conclusively establishes Werle would not have gone to trial because there is "overwhelming evidence" that he knew that he had been convicted of a crime punishable by more than one year in prison at the time he possessed the firearm. We disagree.

Recall that the Government was required to prove beyond a reasonable doubt that Werle knew, at the time he possessed the firearm on December 26, 2013, that he had been convicted of a crime punishable by more than one year in prison. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2); *Rehaif*, 139 S. Ct. at 2200. That he knew that he had been convicted of a crime or that he was not supposed to possess a firearm do not suffice.[4] What matters is whether Werle knew that the

---

[4] There are many reasons one might be prohibited from possessing a firearm. For example, individuals who are dishonorably discharged

maximum potential sentence to which he was exposed for his previous crimes exceeded one year in prison. *See* 18 U.S.C. § 922(g)(1); *Rehaif*, 139 S. Ct. at 2194; *United States v. McAdory*, 935 F.3d 838, 843 (9th Cir. 2019).

The Supreme Court has recognized that this is the kind of information one might be unaware of or forget. *See Greer*, 141 S. Ct. at 2097 ("Of course, there may be cases in which a defendant who is a felon can make an adequate showing . . . that he would have presented evidence in the district court that he did not in fact know he was a felon when he possessed firearms."); *Rehaif*, 139 S. Ct. at 2198 (observing that "a person who was convicted of a prior crime but sentenced only to probation" might not know that he was a felon). Werle may have been able to make a colorable argument at trial that this is what happened to him.

By the time he possessed the firearm on December 26, 2013, Werle had been convicted of at least twenty crimes. However, the parties agree that only two of those convictions qualify as § 922(g)(1) predicates. And although Werle was sentenced to one year and one day in prison for each of them,

_____

from the military, addicted to controlled substances, or who have been convicted of misdemeanor domestic violence crimes may not possess firearms. *See* 18 U.S.C. § 922(g)(3), (6), (9). Thus, the fact that a defendant knows that he may not possess a firearm is not conclusive evidence that he knows that he has been convicted of a crime punishable by more than one year in prison.

In *Pollard*, we cited the fact that the defendant admitted he "possessed a firearm [he] wasn't supposed to have" as evidence that he knew of his status, but we did not hold that that evidence standing alone was conclusive. 20 F.4th at 1257. Further, the defendant's statement in *Pollard* was unusually probative because the defendant acknowledged that the *reason* he "wasn't supposed to have" a firearm was because he was "a felon" and he "didn't have the right to have it no more." *Id.*

he served less than a year of each sentence (215 and 288 days), and his most recent felony sentencing hearing was nearly two years before he possessed the firearm at issue here. If Werle misremembered the length of these sentences as slightly less than one year and one day in prison or as the time he actually *served* in prison, he would not have the *mens rea* necessary for a jury to convict. Further, Werle alleged that he "suffered irreversible brain damage as a young child," which may have affected his memory.[5] Indeed, at his federal sentencing hearing the district court asked Werle about his first qualifying conviction and Werle said, "I don't [remember] off the top of my head the length of it. I do remember that there was a plea attached to that . . . . I do believe it was a sign-and-get-out-that-day type of deal." This, of course, is incorrect—Werle was sentenced to 366 days in prison and served 215 days. In sum, that Werle may have forgotten that he was sentenced to more than one year in prison two and five years after his sentencing hearings is not so implausible that we can conclude that the record conclusively establishes he would have pled guilty even if he were fully informed of the elements of the offense.

---

[5] Werle cited to the PSR which states that Werle "experienced a grand mal seizure" when he was 18 months old and "he was provided an adult dose of Phenobarbitol which resulted in him suffering brain damage and being in a coma for approximately 13 days." Werle's mother told the Probation Office that Werle had "undergone many tests and treatments that showed his brain suffered irreversible damage due to the seizure he suffered." (To the extent this information is sealed, we unseal it for purposes of this opinion only.) Nothing in the record conclusively establishes that Werle's memory was unaffected by this brain damage, so the district court erred by summarily denying Werle's motion without addressing it, either by expanding the record or holding an evidentiary hearing. *See* 2255 Rules 7, 8.

We disagree with the Government's assertion that we should look only to Werle's sentence and that the amount of time he spent in prison is "inapposite." The Government is correct that defendants who are sentenced to more than one year in prison "ordinarily" will not be able to establish prejudice. *United States v. Johnson*, 979 F.3d 632, 639 (9th Cir. 2020). But we decline to "elevat[e] this general proposition to a *per se* rule." *Lee*, 137 S. Ct. at 1966. The reason a defendant who was sentenced to more than one year in prison "ordinarily" will not be able to establish prejudice is that defendants sentenced to more than one year in prison ordinarily *serve* more than one year in prison, and spending more than one year in prison is not something one is likely to forget. It is not because, as the Government seems to suggest, being sentenced is such an important moment in a criminal proceeding that no defendant will ever forget it, regardless of how long he actually spends in prison.

Accordingly, in *Johnson*, we held that the defendant had not established prejudice because he had been sentenced to more than two years in prison on three separate occasions and "had in fact already served three prior prison sentences exceeding one year." 979 F.3d at 639 (contrasting the Supreme Court's observation in *Rehaif*, 139 S. Ct. at 2198, that a defendant sentenced only to probation and who served no prison time might not know he was a felon). And at least four of the five cases we cited for this proposition in *Johnson* involved defendants who had *served* more than one year in prison for a felony conviction. *See United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019) (defendant "spent more than nine years in prison on his [seven] felony convictions before his arrest for possessing the shotgun"); *United States v. Maez*, 960 F.3d 949, 964 (7th Cir. 2020) (defendant was convicted of a felony for which he served over nine years in prison), *id.* at 965–66 (second defendant "served a year or

more in prison on three . . . convictions"), *id.* at 968 (third defendant spent "over one year in prison" for "at least one" felony conviction); *United States v. Miller*, 954 F.3d 551, 560 (2d Cir. 2020) (defendant with "a total effective sentence of ten years' imprisonment, with execution suspended after three years"); *United States v. Williams*, 946 F.3d 968, 973 (7th Cir. 2020) ("Williams served a term of imprisonment longer than a year—than a decade even— for murder before he possessed the firearm."). In the fifth case, the court acknowledged that a defendant's "knowledge as to the length of time he was serving for any single conviction" was relevant to whether the defendant had established prejudice for a *Rehaif* error. *United States v. Burghardt*, 939 F.3d 397, 404 n.4 (1st Cir. 2019).[6]

Similarly, in each of our published opinions denying relief for *Rehaif* errors we have cited the fact that a defendant actually *served* more than one year in prison as a reason for concluding that the defendant knew that he had been convicted of a crime punishable by more than one year in prison. *See United States v. Davis*, 33 F.4th 1236, 2022 WL 1511321, at *3 (9th Cir. 2022) ("Because Davis had been incarcerated for more than three years for his prior felony convictions, it defies common sense to suggest that he was unaware of his felon status at the time he possessed the firearm at issue."); *Pollard*, 20 F.4th at 1257 ("Pollard had served over five years in prison for committing numerous

---

[6] In *Burghardt*, the defendant was convicted of four drug crimes, sentenced to several years in prison for each, and then "paroled after serving two years." 939 F.3d at 404 & n.4. The court concluded that the fact that the defendant was serving time for four separate crimes "could have impacted his knowledge as to the length of time he was serving for any single conviction," so the court did not rely on "evidence that he served over a year for a single charge" to support its conclusion that he had not established prejudice. *Id.* at 404 n.4.

felonies."); *United States v. Door*, 996 F.3d 606, 618 (9th Cir. 2021) ("Having served more than a year in prison, Door cannot (and does not attempt to) argue that a jury would find that he was unaware of his status . . . ."); *United States v. King*, 979 F.3d 1218, 1220 (9th Cir. 2020) (noting that King "pleaded guilty to two felonies and served sentences of greater than one year for each"); *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 989 (9th Cir. 2020) (noting that Luong had been "incarcerated for more than a decade"); *Benamor*, 937 F.3d at 1189 ("Defendant spent more than nine years in prison on his various felony convictions before his arrest for possessing the shotgun."). As these cases illustrate, the length of time one serves in prison bears on whether one is likely to remember that one's convictions were punishable by more than one year in prison.

This is not to say that a defendant's sentence is irrelevant. That Werle was sentenced to one year and one day in prison is powerful evidence that he knew that the crimes of which he was convicted were punishable by more than one year in prison *at the time of sentencing*. And it suggests that he was more likely to know that he had been convicted of a felony than another similarly situated defendant who was sentenced to less than one year in prison. But *Rehaif* requires the Government to prove that Werle knew that he was convicted of a felony "when he possessed the firearm," which, in this case, was nearly two years after Werle's most recent sentencing hearing and five years after the only hearing the district court considered. *Greer*, 141 S. Ct. at 2095. That he knew of that fact years earlier does not necessarily mean he remembered it at the time he possessed the firearm. Therefore, the fact that Werle was sentenced to more than one year in prison does not conclusively establish that he would have pled guilty even if he were informed of all of the elements of the offense.

The Government also argues that Werle's acknowledgement at his sentencing hearing that he had been "convicted of felonies" is conclusive evidence that he would have pled guilty, but this argument is not persuasive either. Although a violation of § 924(a)(2) and § 922(g)(1) is colloquially referred to as being a "felon in possession of a firearm," the word "felon" does not appear in the relevant statutory provisions. Instead, Section 922(g)(1) identifies the fact the defendant must know: that he has been convicted of "a crime punishable by imprisonment for a term exceeding one year." That a state labels a crime a "felony" for purposes of state law does not necessarily mean that it is "punishable by imprisonment for a term exceeding one year." For example, we have held that to determine whether a Washington state conviction was punishable by more than one year in prison we do not simply look to the label the state attached to the crime or to the maximum sentence authorized by statute, but rather to the maximum sentence to which the defendant was "actually exposed . . . under the state's mandatory sentencing scheme." *McAdory*, 935 F.3d at 843. That means that a defendant convicted of a "felony" under Washington law may not have been convicted of a felony for purposes of § 922(g)(1). *See id.* at 840 (reversing § 922(g)(1) conviction because defendant convicted of three felonies under Washington law, including "felony harassment," had not committed a crime punishable by more than one year in prison). This is not to say that a defendant's acknowledgement that he has been convicted of a felony is irrelevant. It is undoubtedly probative evidence that a factfinder may consider in determining whether the defendant had the requisite *mens rea*. But this evidence standing alone is not necessarily *conclusive* under the circumstances present here. Therefore, we cannot affirm the district court's summary denial of Werle's motion on this basis.

**2**

The Government next argues that Werle would have pled guilty because he was also charged with possessing an unregistered firearm, he had no reasonable defense to that charge, and by proceeding to trial on the felon-in-possession count, he would forfeit a three-level Guidelines reduction for acceptance of responsibility. According to the Government, doing so would increase the Guidelines range Werle faced from 130–162 months to 168–210 months.

We do not believe that the potential loss of the acceptance-of-responsibility reduction is so great that it alone conclusively establishes that Werle would have pled guilty to the felon-in-possession count even if he were properly informed of the elements of the offense. Werle faced a statutory maximum sentence of 10 years in prison for the unregistered firearm count. 26 U.S.C. §§ 5861(d), 5871. So even if he were to plead guilty to that count, he could rationally choose to go to trial on the felon-in-possession count because if he were to prevail, he would ensure that his sentence would be no longer than 10 years. Since his sentence would be capped at 10 years (120 months), an increase in his Guidelines range from 130–162 months to 168–210 months would be immaterial.

What Werle would do depends on his risk preferences and views regarding his likelihood of prevailing on the felon-in-possession count at trial. If Werle believed he had a reasonable chance of prevailing, he could rationally conclude that the prospect of locking in a sentence no longer than 10 years was worth the risk of increasing the Guidelines range. This is particularly so because the Guidelines are advisory, so an increase in the range may not result in a longer sentence. *See United States v. Booker*, 543 U.S. 220, 245 (2005). On the other hand, if Werle were to go to trial

on the felon-in-possession count and win, he would be *guaranteed* to keep his sentence at 10 years or less.

The record suggests that Werle was willing to take risks. Before he pled guilty, the Government offered to dismiss the felon-in-possession count if Werle would withdraw a pending suppression motion and plead guilty to the unregistered firearm count. Accepting the Government's offer would have limited Werle's sentencing exposure to ten years in prison. Rejecting it would have risked up to twenty years in prison, and, potentially, a fifteen-year mandatory minimum sentence because the Government intended to argue that Werle was subject to an Armed Career Criminal Act sentencing enhancement for the felon-in-possession count. *See* 18 U.S.C. § 924(e)(1). Even so, Werle rejected the offer and elected to proceed to the suppression hearing.

\* \* \*

Our discussion of the evidence throughout this opinion is not meant to suggest that the district court must reach a particular conclusion at the evidentiary hearing, but rather to illustrate that the record does not conclusively establish that Werle would have pled guilty if he were properly informed of the elements of the offense. We emphasize that the district court's task at this stage is to determine whether there is a reasonable probability that *this defendant* would have proceeded to trial. If so, he was prejudiced, even if the Government or the court believes that he likely would have been convicted at trial or that the decision to go to trial "may

have been foolish." *United States v. Dominguez Benitez*, 542 U.S. 74, 85 (2004).[7]

## CONCLUSION

We hold that Werle has established cause sufficient to overcome his procedural default, and that the record in this case does not conclusively establish prejudice, *i.e.*, that Werle would have pled guilty even if he were properly informed of the elements of the offense. We therefore vacate the district court's judgment and remand for an evidentiary hearing.

**VACATED and REMANDED.**

---

[7] This is not to say that every defendant challenging a guilty plea based on a *Rehaif* error is entitled to an evidentiary hearing. Like Werle has done here, a defendant raising a *Rehaif* error must identify some objective basis in the record to support his assertion in a § 2255 proceeding that he would have proceeded to trial if he were properly informed of the elements of the offense. *See Lee*, 137 S. Ct. at 1967 ("Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded . . . ."); *compare Pollard*, 20 F.4th at 1257–58 (affirming denial of § 2255 motion without an evidentiary hearing where the defendant did not point to "any objective indications in his underlying criminal proceedings" to support his assertion he would not have pled guilty).