**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-35633 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-00098-SPW-1 |
| v. | |
| MACK EDWARD HARRIS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted July 6, 2022[**]
Portland, Oregon

Before:  WATFORD, R. NELSON, and LEE, Circuit Judges.

Mack Edward Harris appeals from the district court's order dismissing his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  We affirm.

**1.** The district court correctly concluded that Harris's claim under *Rehaif v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*United States*, 139 S. Ct. 2191 (2019), was procedurally defaulted and that, while he has established cause to excuse his procedural default, he has not shown actual prejudice. *See United States v. Frady*, 456 U.S. 152, 167 (1982).

*Rehaif* requires the government to prove beyond a reasonable doubt that a defendant knew he had the relevant status under 18 U.S.C. § 922(g). *See* 139 S. Ct. at 2200. For Harris, that means proof that he knew he had been convicted of a crime punishable by more than one year in prison and a misdemeanor crime of domestic violence. 18 U.S.C. § 922(g)(1), (9). Evidence of a defendant's knowledge can be either direct or circumstantial, and Harris's criminal history provides strong circumstantial evidence that he was aware of his status under § 922(g)(1) and (g)(9). *See United States v. Pollard*, 20 F.4th 1252, 1256 (9th Cir. 2021).

With respect to his § 922(g)(1) conviction, Harris had seven prior felony convictions, and he was actually sentenced to more than one year in prison twice. At trial, the government also introduced a signed 2004 guilty plea in which Harris acknowledged that he was pleading guilty to two felonies. While this acknowledgement is not conclusive of Harris's awareness of his status under § 922(g)(1), it likewise constitutes strong circumstantial evidence. *See United States v. Werle*, 35 F.4th 1195, 1206 (9th Cir. 2022). With respect to his § 922(g)(9) conviction, Harris had at least nine prior convictions for misdemeanor

domestic violence offenses.

Harris has not identified any "objective basis in the record" that might have led a jury to believe, in spite of this evidence, that he was unaware he had been convicted of a crime punishable by more than one year in prison and a misdemeanor crime of domestic violence. *Id.* at 1207 n.7. Thus, Harris has failed to show that the *Rehaif* error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170.

**2.** The district court correctly concluded that Harris's double jeopardy claim is time-barred. Harris's convictions became final on October 2, 2017, and his § 2255 motion was not filed within the one-year limitations period. *See* 28 U.S.C. § 2255(f). Harris argues that his double jeopardy claim is timely because it is intertwined with his *Rehaif* claim and was filed within one year of the Supreme Court's decision in that case. But Harris's double jeopardy claim does not depend on his *Rehaif* claim, and the former claim has been available since at least 2014. *See United States v. Mavromatis*, 769 F.3d 1194, 1195 (9th Cir. 2014).

Harris also argues that double jeopardy claims should be categorically exempt from § 2255's limitations period. He contends that such claims are exempt from § 2254's exhaustion requirement and that the same type of exception should apply here. There is, however, no double jeopardy exception to § 2254(b)(1)(A).

While a § 2254 petitioner need not wait for a final state court judgment to bring a double jeopardy claim, the petitioner must still exhaust whatever state remedies are available. *See Greyson v. Kellam*, 937 F.2d 1409, 1412–13 (9th Cir. 1991). Harris offers no other basis for his proposed double jeopardy exception to § 2255(f).

**AFFIRMED.**