NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 20 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-4002 |
| Plaintiff - Appellee, | D.C. Nos.<br>4:21-cr-00479-JSW-1<br>4:23-cv-02137-JSW |
| v. | |
| STEVEN REED, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted May 16, 2025**
San Francisco, California

Before: M. SMITH and BRESS, Circuit Judges, and MORRIS, Chief District Judge.***

Steven Reed appeals the denial of his motion under 28 U.S.C. § 2255 to

amend or vacate his sentence for possession of child pornography, in violation of 18

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Brian M. Morris, United States Chief District Judge for the District of Montana, sitting by designation.

U.S.C. § 2252(a)(4)(B) and (b)(2). Reed argues that his counsel performed deficiently during plea bargaining negotiations, which he claims led to his receiving a higher sentence. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

1. Reed has not shown that he was prejudiced by any potential deficiency in his counsel's performance. In order to prevail on an ineffective assistance of counsel claim, Reed must show both (1) that his "counsel's performance was deficient," which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "that the deficient performance prejudiced the defense," which requires Reed to show a "reasonable probability" of a different result. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). Reed does not seek to rescind his guilty plea and claims only that counsel should have secured him a lower sentence. But even assuming that his counsel's performance was deficient, Reed has not demonstrated a reasonable probability of a more lenient sentence.

*First*, nothing in the record suggests that Reed's counsel could have negotiated a more favorable sentence recommendation from the government. Reed argues that six first-time offenders with the same charge received below-Guideline recommendations from prosecutors in other cases. But the circumstances of those cases were different. For example, three of the cases did not involve distribution of

child pornography, which was conduct that Reed engaged in. And even among the other three cases that involved distribution, Reed possessed significantly more illicit images as the next highest defendant cited. Given these and other differences across the cases, Reed has not shown it is reasonably probable that he could have received a more favorable sentence recommendation from the government.

*Second*, even assuming Reed could have received a more favorable sentence recommendation from the government, there is no reasonable probability that this would have affected his ultimate sentence. The district court made clear that it had looked to impose a "mid-range sentence" in selecting a sentence longer than the government recommended, and Reed's 110-month sentence was in the middle of the Guidelines range. Given the district court's focus on the Guidelines over the government's recommendation, Reed has not shown how a lower recommendation was reasonably likely to have resulted in a more lenient sentence from the district court. Further, the mitigating factors that Reed argues could have convinced the district court to reduce his sentence, such as Reed's military history and the fact that he had viewed child pornography less often in recent years, were circumstances that his counsel presented to the district court at sentencing. For these same reasons, Reed's argument that his counsel could have sought a binding sentencing agreement, Fed. R. Crim. P. 11(c)(1)(C), is unavailing, because there is no basis to conclude that the district court would have accepted this kind of plea given its determination that

the government's recommended sentence was too lenient.

2. The district court did not abuse its discretion in denying an evidentiary hearing. *See United States v. Werle*, 35 F.4th 1195, 1199 (9th Cir. 2022) (standard of review). An evidentiary hearing is not required if "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Thus, "no hearing is required if the allegations, 'viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous to warrant summary dismissal.'" *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989) (quoting *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985)). Because Reed's claims of prejudice are plainly unsupported by the record, the district court did not abuse its discretion in declining to hold an evidentiary hearing.

**AFFIRMED.**