NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>JUSTIN PAUL VERZOSA,<br><br>    Defendant - Appellant. | No. 24-6176<br><br>D.C. No.<br>2:10-cr-00179-RAJ-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted November 21, 2025
Seattle, Washington

Before: W. FLETCHER, PAEZ, and DESAI, Circuit Judges.

Justin Verzosa ("Verzosa") appeals the district court's denial of his petition

for a writ of error coram nobis. Verzosa argues that when he pled guilty to violating

18 U.S.C. § 922(g)(1) as a prohibited possessor of a firearm, he was not advised that

actual knowledge of his status as a prohibited possessor was an element of the

offense. *See Rehaif v. United States*, 588 U.S. 225, 227 (2019).

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We have jurisdiction under 28 U.S.C. § 1291. We review the denial of coram nobis de novo. *United States v. Kroytor*, 977 F.3d 957, 961 (9th Cir. 2020). We affirm.

To qualify for coram nobis relief, a petitioner must meet four requirements: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *United States v. Kwan*, 407 F.3d 1005, 1011 (9th Cir. 2005) (quoting *Estate of McKinney ex rel. McKinney v. United States*, 71 F.3d 779, 781–82 (9th Cir. 1995)). The government concedes that a more usual remedy is not available and Verzosa suffers adverse consequences from the conviction, so the only questions on appeal are whether Verzosa presented valid reasons for the delay in filing and whether he demonstrated a fundamental error.

In his coram nobis petition, Verzosa failed to identify a fundamental error that warrants relief. That is, he did not allege that "he would have proceeded to trial had he been properly informed of the elements of the offense." *See United States v. Werle*, 35 F.4th 1195, 1198–99, 1202 (9th Cir. 2022); *Cervantes-Torres v. United States*, 141 F.4th 1101, 1106 (9th Cir. 2025) (holding that a coram nobis petitioner must demonstrate at least a "'reasonable probability' of a different outcome but for the error" (quoting *United States v. Michell*, 65 F.4th 411, 414 (9th Cir. 2023))). His

failure to do so was fatal to his petition.

Although Verzosa makes a more comprehensive argument on the fundamental error prong on appeal, "we will not reframe an appeal to review what would be in effect a different case than the one decided by the district court." *Baccei v. United States*, 632 F.3d 1140, 1149 (9th Cir. 2011) ("Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal."). Because he failed to satisfy the fundamental error requirement, Verzosa is not entitled to coram nobis relief.[1]

**AFFIRMED.**

---

[1] Our holding is limited to Verzosa's failure to adequately articulate a fundamental error in his petition. While a failure to advise a defendant of the elements of a § 922(g) offense prior to his guilty plea may constitute a fundamental error in some circumstances, the defendant must develop that argument in his coram nobis petition. *See United States v. Walgren*, 885 F.2d 1417, 1420 (9th Cir. 1989) (noting that the *petitioner* must demonstrate each of the four coram nobis factors).