NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARK MILLER, Pastor; BURIEN FREE
METHODIST CHURCH, also known as
Oasis Home Church,

        Plaintiffs - Appellants,

  v.

CITY OF BURIEN, a municipal
corporation; JEFFREY D. WATSON,
Planning Representative for the City of
Burien; JOSEPH STAPLETON, Building
Representative for the City of Burien,

        Defendants - Appellees.

No. 25-1192

D.C. No. 2:24-cv-01301-BJR

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Argued and Submitted February 11, 2026
Seattle, Washington

Before: McKEOWN, W. FLETCHER, and BUMATAY, Circuit Judges.

The Burien Free Methodist Church and Pastor Mark Miller appeal from the

district court's dismissal of their claims for declaratory relief against the City of

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Burien. We have jurisdiction under 28 U.S.C. § 1291 and review dismissals under Federal Rule of Civil Procedure 12(b)(6) de novo. *In re Apple iPhone Trust Litigation*, 846 F.3d 313, 317 (9th Cir. 2017). We affirm.

In November 2023, the Church began hosting an encampment of about 100 unhoused persons in its parking lot. In a series of letters, the City informed the Church that the encampment required a Temporary Use Permit (TUP) under § 19.75.010 of the Burien Municipal Code (BMC). The City asked the Church to submit a two-page application for a TUP, indicating that it supported the Church's efforts and had waived the application fee. The Church refused to submit an application, and continued to host the encampment until February 5, 2024. The City assessed over $100,000 in fines against the Church for operating the encampment without a permit, but eventually waived all fines. The Church plans to host similar encampments in the future. It seeks a declaratory judgment that the TUP requirement violates the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA).

Appellants first claim that the TUP requirement is a facially unconstitutional prior restraint. Facial challenges are "allowed against laws aimed at expressive conduct but disallowed against laws of general application not aimed at conduct commonly associated with expression." *Spirit of Aloha Temple v. Temple of Maui,* 49 F.4th 1180, 1188 (9th Cir. 2022) (citing *S. Or. Barter Fair v. Jackson County,*

372 F.3d 1128, 1135 (9th Cir. 2004)).  The challenged TUP provision of the BMC is not addressed to expressive conduct.  Rather, the BMC requires a TUP to use a parking lot for a monthslong encampment.  The facial prior restraint challenge therefore fails.

Appellants next claim that the TUP requirement fails strict scrutiny under the Free Exercise Clause.  But "a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." *Church of the Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 531 (1993).  Laws that are generally applicable and neutral need only be rationally related to a legitimate government interest.  *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1031 (9th Cir. 2004).  Here, appellants fail to show that the TUP requirement is not neutral or generally applicable.  Secular and religious institutions alike must apply for a TUP before hosting a monthslong encampment in a parking lot.  Moreover, none of the limited exemptions to the TUP requirement upon which the Church seeks to rely are comparable to a monthslong 100-person encampment in a parking lot.  Since the TUP requirement is neutral, generally applicable, and rationally related to legitimate government interests in public safety, appellants' free exercise claim fails.

Appellants suggest that the City's efforts to require a TUP constitute

evidence of non-neutrality because, in their view, the BMC does not require a TUP for the encampment. We disagree. The BMC requires TUPs for temporary uses not otherwise permitted under the code. BMC 19.75.010. The Church is designated as a religious facility, which is defined by the BMC as an establishment "the principal purpose of which is religious worship," and includes "related accessory uses." BMC 19.10.450. Accessory use is in turn defined as "[a] use that is subordinate and incidental to a primary permitted use" and is "permitted only in conjunction with, and because of, the existence of a primary use." BMC 19.10.011. Parking space is separately defined as "[a]n area . . . for the sole purpose of parking a motor vehicle." BMC 19.10.394. Nothing in the City's interpretation of the BMC as requiring a TUP for the monthslong encampment in the Church's parking lot suggests animus or non-neutrality.

Finally, appellants bring several claims under RLUIPA. A plaintiff asserting a substantial burden RLUIPA claim must first demonstrate a substantial burden on religious exercise. *Int'l Church of the Foursquare Gospel v. City of San Leandro*, 673 F.3d 1059, 1066 (9th Cir. 2011). Appellants' substantial burden claim fails because the requirement to apply for a land use permit does not constitute a substantial burden, especially where there is no indication that an application would be denied. *San Jose Christian College*, 360 F.3d at 1035. Appellants next claim that the TUP requirement violates the equal terms provision of RLUIPA.

*See* 42 U.S.C. § 2000cc(b)(1). As discussed above, the TUP requirement does not subject similarly situated religious and secular institutions to unequal terms. Appellants' remaining two RLUIPA claims were not raised in the district court. "Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal, although we have discretion to do so." *Baccei v. U.S.*, 632 F.3d 1140, 1149 (9th Cir. 2011). Even so, these claims fail on the merits. The discrimination claim under 42 U.S.C. § 2000cc(b)(2) fails because, again, appellants have not alleged disparate treatment of similarly situated religious and secular institutions. The "unreasonable exclusion" claim under 42 U.S.C. § 2000cc(b)(3) fails because the city is not excluding the Church; it is merely requiring application for a TUP in order to host a monthslong encampment.

The dismissal by the district court is therefore **AFFIRMED.**